*In re* ESTATE OF EDWARD W. SCHMIDT, Deceased.—(VIRGINIA E. SCHMIDT, Adm'r of the Estate of Edward W. Schmidt, Petitioner-Appellee, *v.* COUNTRY MUTUAL INSURANCE COMPANY, Respondent-Appellant.)

Second District   No. 78-516

Opinion filed November 7, 1979.—Supplemental opinion filed on denial of rehearing January 9, 1980.

Kell, Conerty & Poehlmann, of Woodstock, for appellant.

William Elman, of Elman & Ehardt, of Harvard, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Respondent, Country Mutual Insurance Company, seeks subrogation against petitioner, Virginia E. Schmidt, the surviving widow of Edward Schmidt, to recover a death benefit and medical expense payment which Country Mutual paid to her as beneficiary under a policy of insurance which Country Mutual had with the deceased. The policy itself is not part of the record on appeal and was not placed in the record in the trial court; however, petitioner's motion in the trial court to deny the validity of the claimed subrogation lien did include a representation of the paragraph of the policy which related to subrogation, which stated:

"Upon the payment of loss or expense under this policy * * * The Company shall be subrogated to the amount of such payment, to the Insured's right of recovery against any person or entity for such loss or expense and the insured, at the request of the Company, shall execute all papers required and shall cooperate with the Company to secure such rights. The Company at its expense, may conduct all proceedings and litigation in the name of the insured."

Apparently, Country Mutual paid $6,000 under their automobile policy to the insured's widow, following his death in an automobile accident. The widow sued the other driver involved in a wrongful death action and recovered $100,000 as surviving spouse. Country Mutual then sought reimbursement by way of subrogation from Mrs. Schmidt for the $6,000 it paid out under the accidental death benefit and medical payment feature of their automobile policy. The trial court denied the right to subrogation on two grounds: (1) that the widow, Virginia Schmidt, was not the named insured under the policy and did not sign any subrogation receipt in Country Mutual's favor; and (2) that the intent of the Wrongful Death Act (Ill. Rev. Stat. 1977, ch. 70, par. 1 *et seq.*) is to make the

proceeds of a wrongful death recovery exclusively for the benefit of the widow and next of kin and a subrogation claim by an insurance company out of the proceeds of a wrongful death action is against public policy.

The trial court relied on the recent case of *National Bank v. Podgorski* (1978), 57 Ill. App. 3d 265, 373 N.E.2d 82. In that case the court held that (a) subrogation by an insurance company against the proceeds of a wrongful death action is contrary to public policy, and (b) subrogation could not be equitably applied in that case because there is no formula for determining what portion of the wrongful death award the insurance company is entitled to under subrogation.

■■ ■ We agree with the Fourth District's interpretation in *Podgorski* regarding the statement of public policy made in section 2 of the Wrongful Death Act (Ill. Rev. Stat. 1977, ch. 70, par. 2). That section provides that, except in circumstances which do not apply in the present cause, the amount recovered in a wrongful death action shall be for the *exclusive benefit* of the surviving spouse and next of kin of the deceased. While it is true, as respondent has indicated, that the doctrine of subrogation is encouraged and is a favorite of the law (*Remsen v. Midway Liquors, Inc.* (1961), 30 Ill. App. 2d 132, 174 N.E.2d 7), it is our opinion that the legislature has clearly expressed, in the Wrongful Death Act, a situation in which subrogation is not to apply, and it is our view that the present cause falls clearly within that exception.

■■ We note also that the terms of subrogation contained in the contract of insurance specifically provide that Country Mutual is to be subrogated to the *insured's* right of recovery for loss. The question must then arise as to who, under the terms of the policy, is "insured." Since the policy itself is not part of the record, it is impossible for us to determine whether there is any special meaning or definition to be applied to the term "insured," we will give it its ordinary meaning and we conclude that the insured in the present cause was the deceased himself. Since the policy terms provide for Country Mutual to be subrogated to the *insured's* right of recovery, and since the deceased had no right to recover for his own death in an action for wrongful death, it is appropriate to conclude that Country Mutual had no right to be subrogated to the insured's widow's right of recovery in wrongful death.

An additional consideration, which was referred to in *Podgorski* and which was also present in this cause, is that the amount recovered by the widow may have been much less than the actual loss sustained by her. That is to say, the widow's loss arising out of the wrongful act of the tortfeasor may have been more than $100,000, therefore, the insurance company, whose policy is a contract unrelated to actual damage, would get an unfair advantage if it recovered its entire payment, giving it a 100 percent recovery, whereas the widow may have recovered considerably

less than 100 percent of her actual loss. For instance, if the support of the widow was worth $10,000 per year and her life expectancy were 20 years, the loss would be $200,000, whereas the recovery was only $100,000. Obviously, if the widow did not make a full recovery, it would be unfair for Country Mutual to recover its payment in full rather than have it share the proportional loss with the beneficiary.

We accordingly affirm the decision of the trial court.

Affirmed.

NASH and LINDBERG, JJ., concur.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE WOODWARD delivered the opinion of the court:
■■ After the initial decision in this cause, Country Mutual filed a petition for rehearing claiming that we erred in not allowing subrogation for $1000 paid to the widow as medical expenses (funeral expenses) for deceased. This item was not considered separately in our original opinion, as the first brief filed by Country Mutual made no distinction between the death benefit paid ($5000) and the medical (funeral) payment ($1000); in its reply brief, Country Mutual referred to the death benefit and "related payments." Now, in its petition for rehearing, it claims that subrogation should be allowed for the medical (funeral) payment made by the insurer. (See *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247 (involving an uninsured motorist provision).) We find that this issue has been waived by Country Mutual (Ill. Rev. Stat. 1977, ch. 110A, par. 341(e)(7)) and therefore will not address its merits. Accordingly, we affirm the judgment of the lower court.

Affirmed.

NASH and LINDBERG, JJ., concur.