BETTY ESIN, Adm'r of the Estate of Jerrold Esin, Deceased, *et al.*, Petitioners-Appellants, *v.* LIBERTY MUTUAL INSURANCE COMPANY, Respondent-Appellee.

Second District    No. 80-695

Opinion filed August 5, 1981.—Rehearing denied September 10, 1981.

George E. Faber, of Imming, Faber & Roeser, of Elgin, and Stephen M. Deitsch, of Callum, Anderson & Deitsch, of Wheaton, for appellants.

Robert F. Casey, of Geneva, and Gerald M. Sheridan, Jr., of Wheaton, for appellee.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The widow of Jerrold Esin appeals from the summary judgment of the circuit court of Kane County awarding to Liberty Mutual Insurance Company (hereafter Liberty Mutual) a lien on the settlement the widow procured from another insurance carrier in a wrongful death action. The respondent has moved to dismiss this appeal, and at the outset of this case we announce our ruling denying the respondent's motion for reasons appearing later in this opinion.

Jerrold Esin worked for United Parcel Service. While in the performance of his duties as its employee Esin was killed by a car driven by another motorist. United Parcel was insured against workers' compensation claims by Liberty Mutual. Betty Esin, the widow, made a claim for workers' compensation benefits and was awarded benefits in the amount of approximately $26,000 by the Industrial Commission. Betty Esin, as widow, and on behalf of her two minor children also sued the wrongdoer who caused her husband's death, under the Wrongful Death Act (Ill. Rev. Stat. 1979, ch. 70, par. 1 et seq.). This claim was settled for $85,000 with State Farm Insurance Company (hereafter State Farm), insurer of the adverse driver. Liberty Mutual sought to impress a lien on the $85,000 received by the widow under the provisions of section 5(b) of the Workers'

Compensation Act. (Ill. Rev. Stat. 1979, ch. 48, par. 138.5(b).) That section reads in pertinent part as follows:

"Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act.

Out of any reimbursement received by the employer pursuant to this Section, the employer shall pay his pro rata share of all costs and reasonably necessary expenses in connection with such third-party claim, action or suit and where the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement."

After Liberty Mutual filed its notice of lien under this provision, the widow petitioned the circuit court to determine Liberty Mutual's right to a lien on the proceeds of the settlement procured from State Farm. The widow contends that section 5(b) of the Workers' Compensation Act does not apply to a recovery by the widow and next of kin under a wrongful death action. In support of this contention the widow points to the specific language of section 2 of the Wrongful Death Act:

"Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person." Ill. Rev. Stat. 1979, ch. 70, par. 2.

The widow contends the words "exclusive benefit of the surviving spouse and next of kin" denote an intention by the legislature to preclude any creditors or subrogees from sharing in the proceeds of a wrongful death action. In support of this contention, the widow (petitioner) cites *National Bank v. Podgorski* (1978), 57 Ill. App. 3d 265, and *In re Estate of Schmidt* (1979), 79 Ill. App. 3d 456. In the *Podgorski* case, State Farm made a settlement of $50,000 with the decedent's widow. Farmers Insurance Company had paid the widow certain benefits under its policy insuring the decedent (being survivors' benefits) and Farmers sought to recover under the doctrine of subrogation against the settlement made by State Farm, to the extent Farmers had paid under its policy. The appellate court held that the language "exclusive benefit" of the surviving spouse indicated a public policy which prohibited subrogation rights from attaching to the proceeds of the wrongful death suit. In *Schmidt*, Country Mutual sought subrogation against the proceeds of a wrongful death suit brought by the surviving widow against the wrongdoer's liability carrier. Country Mutual had paid $6,000 under the automobile policy of the decedent, which allowed accidental benefits of that sum. This court noted with approval the result reached in *Podgorski* as to the proceeds of the wrongful death suit being intended for the exclusive benefit of the widow and next of kin and held that the legislature by the language of the Wrongful Death Act has evinced its intention that subrogation should not apply in such cases.

On the other hand, in *Prince v. Atchison, Topeka & Santa Fe Ry. Co.* (1979), 76 Ill. App. 3d 898, the court held that the widow's recovery under a wrongful death action was subject to the subrogation action of the workers' compensation carrier, Electric Mutual, to its entire extent. The issue as to whether the language of section 2 of the Wrongful Death Act precluded subrogation was not argued by the parties, the only issue in that regard being whether the lien attached to the entire fund of $250,000 recovered by the widow in the wrongful death suit or only to the widow's one-third of that amount. See also *Hartford Accident & Indemnity Co. v. D. F. Bast, Inc.* (1977), 56 Ill. App. 3d 960, where the lien of the compensation carrier on the proceeds of a wrongful death action was apparently recognized by all parties, the only dispute being as to the amount subject to the lien.

It should be noted that none of the cases cited above passed on the exact question here presented. The two cases holding against subrogation (*Podgorski* and *Schmidt*) did not involve worker's compensation, and the specific contention of the petitioners here as to the exemption of a wrongful death judgment from the operation of section 5(b) of the Workers' Compensation Act was not raised in *Prince* and *Bast*. Bearing in mind, however, the fundamental purpose of wrongful death statutes, that

is to allay the harsh result of the common law by which the cause of action died with the decedent—leaving those dependent on the decedent such as the surviving spouse and children without resources—it seems logical to exclude the proceeds of a wrongful death action from subrogation by an insurance company. There is good basis for arguing that the public policy behind wrongful death actions precludes making the funds derived therefrom subject to contribution for the benefit of an insurer and, therefore, the literal words of section 2 of the Wrongful Death Act—"the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin"—should take precedence over the provisions of section 5(b) of the Workers' Compensation Act.

On the other hand, the language of section 5(b) is quite broad. It makes "the amount received by such employee or personal representative" subject to recovery by the compensation insurer to the extent of its claim. In passing on the precise question whether the language of the Wrongful Death Act to the effect that the proceeds of a wrongful death action shall be for the exclusive benefit of the widow and next of kin, precludes a workers' compensation claim on such proceeds, we must bear in mind the legislative history of the two acts. The Wrongful Death Act (Ill. Rev. Stat. 1979, ch. 70, par. 1 *et seq.*) was patterned after the 1846 English statute known as "Lord Campbell's Act" and was first enacted by the Illinois legislature in 1853. The language "the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin" appeared in the original act. The Workers' Compensation Act was not enacted until 1911 and section 5(b) was passed in 1913 (Ill. Ann. Stat., ch. 48, par. 138.5, Historical Note, at 428 *et seq.* (Smith-Hurd 1969)), providing for the lien here under consideration. We must presume, therefore, that the Workers' Compensation Act was passed in full knowledge and realization of the language of section 2 of the Wrongful Death Act, yet there has never been any amendment nor modification of the Workers' Compensation Act in deference to the quoted language of the Wrongful Death Act. The Wrongful Death Act obviously did not contemplate the Workers' Compensation Act, but the legislature in enacting section 5(b) of the Workers' Compensation Act was certainly cognizant of the provisions of section 2 of the Wrongful Death Act and its failure to exclude wrongful death actions from the operation of the Workers' Compensation lien is more significant since such actions were certainly common at that time. It is not entirely clear, but this circumstance gives some indication that the legislature may have intended to override the literal words of the Wrongful Death Act and to impose the Workers' Compensation lien on the proceeds of all third-party actions, including a wrongful death suit.

■■ We are aware, of course, that in so holding we must make a

distinction between the effect of a statutory lien and the right of common law subrogation as provided by Country Mutual's automobile policy in the *Schmidt* case. We think such a distinction is valid and that a lien specifically created by the legislature is less subject to general public policy considerations than is the usual contract or common law subrogation right of the ordinary automobile liability insurer.

The dichotomy arising out of the desire to benefit widows and children on the one hand and the wish to redress the losses of employers who are subject to claims for injuries to their employees which arise out of the actions of third parties not related to the employer's fault makes a decision difficult in this case. However, the lien of the Workers' Compensation Act, coming much later in time and thus having been enacted in contemplation of the Wrongful Death Act and being clear and all embracing in its language (see section 5(b) of the Workers' Compensation Act), we judge that the lien given by the Workers' Compensation Act takes precedence, as held by the circuit court.

Reference was made in the opening paragraph of this opinion to the respondent's motion to dismiss this appeal. Respondent's motion is based on the theory that one cannot appeal a judgment which he has taken the benefit of. Moreover, it is argued that by withdrawing the amount allowed for attorney's fees and costs pursuant to the order, the petitioners have conceded the legal existence of the workers' compensation lien and their position denying the lien is therefore inconsistent. Upon reflection, however, we deem this argument to be less logical than first appears. Actually, the situation is that if the lien is valid as applied to the proceeds of the wrongful death action, then attorney's fees and costs are recoverable by virtue of section 5(b) of the Workers' Compensation Act. On the other hand, if the lien is not valid as against the proceeds of the wrongful death suit then, of course, the widow is entitled to all the proceeds and the attorney's fees and the costs come from her. In any event, the respondent has no right to the funds withdrawn pursuant to the trial court's order in this case and the withdrawal of what would eventually be received by the petitioners and their attorneys in any event does not, under these circumstances, create a basis for dismissing the appeal.

■■ In reviewing the common law record we note that on June 10, 1980, an order was entered by the Chief Judge of the Sixteenth Judicial Circuit dismissing this case for want of prosecution. The record also contains notices sent to counsel for both parties of this impending action, which show they were mailed on May 5, 1980. No motion to vacate this dismissal order was ever presented, filed or entered. However, subsequent to the dismissal order the parties appeared in court, briefed and argued the motion for summary judgment. We need not, however, decide whether

the dismissal order of June 10, 1980, was void or only erroneous. When a court loses jurisdiction, after the expiration of 30 days following a dismissal order, the parties may, by appearing voluntarily and participating in further proceedings, revest the court with jurisdiction. (*Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46, 49.) The elements essential to revesting are (1) the active participation of the parties without objection and (2) further proceedings inconsistent with the prior order of dismissal. (*Stark v. Ralph F. Roussey & Associates, Inc.* (1970), 131 Ill. App. 2d 379. See also dissenting opinion of Justice Seidenfeld in *Spears v. Spears* (1977), 52 Ill. App. 3d 695, 700.) It would seem apparent that the elements of revesting have occurred in the present case. We therefore have decided the case on the merits.

For the reasons stated, the judgment of the circuit court of Kane County is affirmed.

Judgment affirmed.

REINHARD and VAN DEUSEN, JJ., concur.