DORIS GRAMSE *et al.*, Plaintiffs-Appellees, *v.* ROYAL CREST ENTERPRISES, INC., *et al.*, Defendants and Third-Party Plaintiffs.— (CARDINAL ENTERPRISES, INC., *et al.*, Third-Party Defendants-Appellants; RELIANCE INSURANCE COMPANY, Petitioner-Appellant.)

Third District    No 80-651

Opinion filed September 17, 1981.

STOUDER, J., specially concurring.

Vincent C. Cipolia and Gregory G. Lawton, both of Judge, Drew, Cipolia & Kurnik, Ltd., of Park Ridge, for appellants.

William J. Harte, Katrina Veerhusen, and Herbert F. Stride, all of Chicago, for appellees.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This action was brought by Doris Gramse, a widow and administrator of the estate of Paul Gramse, deceased, and as mother and next friend of their three minor children, to recover damages for the death of her husband, Paul Gramse, under the Structural Work Act and survival provisions of the Probate Act. Gramse was severely injured in a construction accident on May 1, 1975, and died without regaining consciousness on September 27, 1975. The decedent was employed by Cardinal Enterprises, Inc. (Cardinal), which in turn was employed as a subcontractor in the construction of a home in a new subdivision in Will County. Named as defendants were Timberview Development Company (Timberview), the developer of the subdivision; Link Construction Company, a contractor; and Royal Crest Enterprises, Inc. (Royal Crest), the general contractor and the equitable owner of the property where the accident occurred.

Timberview and Royal Crest subsequently filed a third-party complaint for implied indemnity on an active-passive basis against the

decedent's employer, Cardinal Enterprises, Inc., and his supervisor, Stanley Eugene Koren. Summary judgment was thereafter granted to defendants Timberview and Link Construction, and the cause proceeded as to the remaining defendants.

After discovery procedures had commenced, negotiations were conducted by the parties which resulted in a settlement of the action. Royal Crest paid $200,000 towards the settlement and Cardinal Enterprises contributed $100,000, for a total package of $300,000. The $100,000 contributed by Cardinal was covered by liability insurance issued by Reliance Insurance Company. Reliance Insurance also was the workmen's compensation carrier for the decedent's employer and had paid a total amount of $43,615.36 in workmen's compensation benefits to the decedent's spouse and surviving children; it claimed a lien in that amount pursuant to section 5(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.5(b)). The plaintiff disputed the applicability of the lien provision and the settlement and stipulation to dismiss accordingly specifically excluded the dispute over the lien from the settlement. The cause proceeded as to the determination of Reliance Insurance Company's lien rights, with the trial court ruling that no workmen's compensation lien attached to the settlement proceeds.

Cardinal Enterprises, Inc., Stanley Eugene Koren, and Reliance Insurance Company have appealed.

The portion of the Workmen's Compensation Act at issue here is found in section 5(b):

> "Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought *by the injured employee or his personal representative* and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then *from the amount received by such employee or personal representative* there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 48, par. 138.5(b).

As is clear from the emphasized language, the legislature has explicitly limited the employer's lien to third-party actions in which the employee or his personal representative is the plaintiff. Under the express

statement of the lien provision in question, it plays no part in actions brought by the employee's widow as a person in her own right and based on a cause of action accruing to her.

The first three counts of the amended complaint were brought by plaintiff in her capacity as widow of the decedent and as next friend of the three minor children. Those counts sought recovery under the Structural Work Act (Ill. Rev. Stat. 1975, ch. 48, par. 64). The Structural Work Act creates a distinct cause of action in the *dependents* of a deceased in their individual capacities. They do not recover through the personal representative of the decedent's estate, nor through the decedent's estate. (*Bryntesen v. Carroll Construction Co.* (1963), 27 Ill. 2d 566, 190 N.E.2d 315.) The applicable provision states:

> "\* \* \* [A] right of action shall accrue to the party injured, for any direct damages sustained thereby; and in case of loss of life by reason of such wilful violation or wilful failure as aforesaid, *a right of action shall accrue to the widow of the person so killed, his lineal heirs or adopted children; or to any other person or persons who were, before such loss of life, dependent for support* on the person or persons so killed, for a like recovery of damages for the injuries sustained by reason of such loss of life or lives." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 48, par. 69.

In an analogous situation it has been held that a suit by a deceased employee's widow and daughter, in their individual capacities, was not one in which the employer's lien attached. (*Dillon v. Nathan* (1956), 10 Ill. App. 2d 289, 135 N.E.2d 136.) In *Dillon* the decedent-employee was shot and killed by an intoxicated man while working as a hotel clerk. The decedent's employer made a workmen's compensation settlement. The surviving spouse and daughter subsequently brought a Dramshop action against the owners of the tavern where the liquor had been purchased. The employer sought to intervene in the Dramshop action asserting a lien under section 5(b) of the Workmen's Compensation Act. The court affirmed the trial court, finding the employer had no lien rights because the Dramshop action accrued not to the decedent's estate, but rather to the "surviving spouse and children." The Dramshop action was not subject to the lien asserted by the employer because, in the language of section 5(b), it was not an action "brought by the injured employee or his personal representative," and no amount was or would be "received by [the] employee or personal representative." 10 Ill. App. 3d 289, 296.

Notwithstanding the existence of this precedent, the material language of section 5(b) had never been changed or modified by the legislature. *Graham v. General U.S. Grant Post No. 2665* (1969), 43 Ill. 2d 1, 248 N.E.2d 657.

■■ Precisely the same reasoning applies to and is controlling in the case

of this plaintiff's Structural Work Act claims. It is not an action "brought by the injured employee or his representative" and no amount has been or will be "received by the employee or personal representative" under the Structural Work Act claims. The Structural Work Act death claim can only be maintained by the widow and children in their individual capacities. *Bryntesen v. Carroll Construction Co.* (1963), 27 Ill. 2d 566, 190 N.E.2d 315.

Defendants are unable to distinguish *Dillon* from the instant cause and have argued that it should be overturned in part because section 5(b) was amended to eliminate the earlier requirement that the employer be nonnegligent in order to assert its lien in a subsequent third-party action. This change in section 5 is unrelated to the legislature's limitation of lien rights to cases where the employee himself or his personal representative is the plaintiff. This latter requirement is, as defendants have noted, intended to prevent a double recovery *by the same party for the same injuries*, a purpose which is unrelated to the issue of fault on the part of the employer. *Hartford Accident & Indemnity Co. v. D. F. Bast, Inc.* (1977), 56 Ill. App. 3d 960, 372 N.E.2d 829.

Defendants also contend that if *Dillon* is applied to the case at bar it will "permit a double recovery by the decedent's spouse and surviving children * * *." This is not the case. The Workmen's Compensation Act, and the monies paid under that statute by the employer's insurance carrier, were intended to compensate the decedent himself for his lost wages and medical bills. The Structural Work Act claims, by contrast, were brought by the widow *in her own right* (not as representative of the decedent) and for the benefit of the children, and asserted their right to be compensated for the loss of *their* source of support.

The defendants also argue that the distinction between the widow as plaintiff and the personal representative as plaintiff is of little "practical significance" because the latter generally acts as a "legal conduit," and the money is distributed to the same persons regardless of the actual identity of the named plaintiff. In making this argument defendants again overlook the different injuries involved: the workmen's compensation settlement compensated the *decedent* for *his* injuries; the Structural Work Act claim compensated the decedent's *dependents* for *their* injuries. Furthermore, as another court has noted in addressing a similar argument, that some part of the proceeds reached the hands of his dependents is of no moment. *Cresci v. Mike Krasilousky Trucking Co.* (1958), 5 App. Div. 2d 569, 172 N.Y.S.2d 322.

■■ ■ Counts IV, V and VI of plaintiff's amended complaint were brought under the Survivor's Act and sought compensation for the alleged conscious pain and suffering experienced by the decedent subsequent to the occurrence and prior to his death. (*Cf. Murphy v. Martin Oil Co.*

(1974), 56 Ill. 2d 423, 308 N.E.2d 583.) These counts were brought by the plaintiff in her status as administrator of the decedent's estate. With the benefit of numerous legal memoranda submitted by the parties, the court below determined that the settlement funds were not paid to satisfy these claims and that the Workmen's Compensation lien therefore did not attach to the settlement fund. In specifically finding that the settlement proceeds were paid on the Structural Work Act claims (counts I, II and III), the court properly exercised its discretion in concluding that plaintiff and her minor children's recovery was attributable to the provisions of the Structural Work Act and not the Survivor's Act.

Defendants contend that even if no lien can be asserted in the Structural Work Act action, they are nevertheless entitled to reimbursement because of the counts brought under the Survivor's Act. Defendants rely on *Prince v. Atchison, Topeka & Santa Fe Ry. Co.* (1979), 76 Ill. App. 3d 898, 395 N.E.2d 592. The court in *Prince* addressed the question of whether a section 5 lien applied to the entire judgment or only one-third of it where the third-party suit was brought in the name of the widow/personal representative and the widow received only one-third of the distribution. The resolution of the *Prince* issue has no bearing on whether the court in this cause properly exercised its discretion.

The defendant's arguments overlook a number of significant facts: (1) two separate claims were asserted below, one in the plaintiff's own right as widow and the other in her capacity as administrator of the estate; (2) the settlement did not designate that any particular portion of the $300,000 fund was attributable to the survival action; (3) the case could not be settled in the absence of the trial court's approval, and that court determined the widow and children were entitled to recover under the Structural Work Act and not through the Survivor's Act; and (4) the trial court, in making the discretionary finding that the settlement was reasonable, presumably addressed its judgment to the "net" amount payable to the widow and children, and undoubtedly took into consideration the fact that the "reasonable" recovery would not be diminished either by an employer's lien or by estate taxes.

Because the record did not disclose whether the $300,000 was attributable to the Structural Work Act claims or the survival claims, the trial court was obligated to make its own determination as to which of these claims provided the basis for the settlement reached by the parties. In exercising its discretion in this connection, the court concluded the widow and children were "entitled to recover * * * pursuant to Section 64 of the Structural Work Act and not through the Survivor's Act."

The defendants' argument is contrary to the strong public policy favoring settlements and the fact that because minors were beneficiaries of any recovery in this case, it could not be settled and dismissed in the

absence of the trial court's approval. Reversal of the trial court here would mean that the employer's lien attaches, in its entirety, to any settled case where there is a remote possibility that *any* part of the recovery *could* have been compensation for the *same injuries* for which the workmen's compensation carrier had previously made a payment. Such a ruling would discourage the settlement of cases. We believe the better policy is to leave such determinations to the sound discretion of the trial court absent a clear abuse of discretion.

For the foregoing reasons, the judgment of the Circuit Court of Will County is affirmed.

Affirmed.

ALLOY, J., concurs.

Mr. JUSTICE STOUDER, specially concurring:

I agree with the result reached by my colleagues but only because of the consequences of what I believe to be the unique factual circumstances of this case.

As noted in the facts, Cardinal and its insurance carrier Reliance made the workmen's compensation payments and also substantially participated in the offer of settlement. It seems to me that the failure of the settlement to include a resolution of the workmen's compensation reimbursement was fatal to the claim thereafter raised in the trial court and in this court. It seems to me that Cardinal can not be both offeror and offeree or claimant with respect to the same settlement proposal since the positions are mutually exclusive and the purported stipulation to the contrary is not entitled to any validity. By joining in the request to have the settlement approved, Cardinal, in effect, authorized the trial court to do exactly what it did, consider the settlement offer as a net settlement ignoring the contradictory limitation asserted by Cardinal.

If Cardinal was not an offeror of the settlement my views would be different, because in that event, before the trial court could find that all of the settlement should be attributed to the Scaffold Act violations, it would have to find that the plaintiffs were not entitled to any recovery as a matter of law on the other counts of the complaint, a conclusion which I do not believe is in accord with the facts of this case.