JANICE McDANIEL, Indiv. and as Adm'r of the Estate of James D. McDaniel, Plaintiff-Appellee, *v.* DOUGLAS HOGE *et al.*, Defendants and Third-Party Plaintiffs—(Hoge-Warren-Zimmerman Company, Third-Party Defendants-Appellants).

First District (2nd Division)    No. 83—0388

Opinion filed December 27, 1983.

Kiesler & Berman, of Chicago (Robert L. Kiesler and Thomas B. Underwood, of counsel), for appellant.

Joseph A. Rosin & Associates, Ltd., of Chicago (Joseph A. Rosin, of counsel), for appellee.

JUSTICE STAMOS delivered the opinion of the court:

Plaintiff Janice McDaniel sued for damages arising from the death of her husband, James D. McDaniel. Among the named defendants was Commonwealth Edison (hereinafter ComEd). A workmen's compensation lien was filed in the action by third-party defendant Hoge-Warren-Zimmerman Company (hereinafter HWZ). At the close of plaintiff's case-in-chief, the suit was settled for $500,000. Both plaintiff and HWZ filed post-trial motions to have the workmen's compensation lien adjudicated. The trial court ruled that the lien does not attach to the settlement proceeds, and HWZ appeals.

On December 17, 1973, James D. McDaniel was electrocuted on power lines owned by Commonwealth Edison. McDaniel was working for Hoge-Warren-Zimmerman Company at the time of his death. HWZ' workmen's compensation carrier paid benefits of $28,406.09 to decedent's widow, Janice McDaniel.

Thereafter, Janice filed a lawsuit, individually and as administrator of her husband's estate, in the circuit court of Cook County against several defendants including ComEd. HWZ, who was a third-party defendant in the action, filed a workmen's compensation lien against any judgment that plaintiff might secure. (See Ill. Rev. Stat. 1981, ch. 48, par. 138.5(b) (employer may recover workmen's compensation payment from third-party tortfeasor).) Count III of the complaint against ComEd was for wrongful death and counts V and VI were based on alleged violations of the Public Utilities Act (Ill. Rev. Stat. 1981, ch. 111⅔, par. 1 *et seq.*). At the close of plaintiff's case-in-chief, Janice and ComEd entered into a settlement agreement which they alone had negotiated. Under the settlement agreement, plaintiff would receive $500,000 and the claims against ComEd would be dismissed. The settlement was not attributed to any particular claim against ComEd.

The settlement expressly excluded the workmen's compensation lien from its coverage and plaintiff and HWZ filed post-trial motions for adjudication of the lien. On January 13, 1983, the circuit court ruled that plaintiff's and ComEd's settlement was attributable to the Public Utility Act counts of the complaint and not to the wrongful death count and that therefore, HWZ was not entitled to reimbursement for its workmen's compensation payment. HWZ appeals from this ruling.

HWZ' first contention concerns the circuit court's ruling that no part of the settlement agreement was attributable to the wrongful death count of the complaint. This ruling is determinative of whether a workmen's compensation lien will or will not attach to the settlement proceeds. If any part of the settlement is attributable to the wrongful death count, the workmen's compensation lien will attach. (See *Esin v. Liberty Mutual Insurance Co.* (1981), 99 Ill. App. 3d 75, 79, 424 N.E.2d 1307.) If the settlement is attributable only to the Public Utility Act counts, the lien will not attach.

The determination as to which of several claims a settlement award is attributable to has been held to be a matter within the trial court's discretion. (*Gramse v. Royal Crest Enterprises, Inc.* (1981), 100 Ill. App. 3d 100, 106, 426 N.E.2d 614.) In *Gramse*, a suit involving claims under the Structural Work Act and Survivor's Act was settled for $300,000. A workmen's compensation lien was asserted. The record did not reveal whether the settlement was attributable to the Structural work Act claims or the survival claims. If the former, the lien would be refused; if the latter, it would be allowed. The trial court determined that the settlement was attributable only to the Structural Work Act claims and the lien was denied.

On appeal, the court ruled that this determination is best left to the trial court's discretion. According to the reviewing court, a contrary ruling

> "would mean that the employer's lien attaches, in its entirety, to any settled case where there is a remote possibility that *any* part of the recovery *could* have been compensation for the *same injuries* for which the workmen's compensation carrier had previously made a payment. Such a ruling would discourage the settlement of cases." 100 Ill. App. 3d 100, 106.

We agree with the court in *Gramse* that, in the absence of a designation by the parties to the settlement agreement, the decision as to which of several claims a settlement award should be attributed to is a decision best left to the discretion of the trial court. This decision should stand unless shown to be an abuse of discretion. We find

no abuse of discretion here and we therefore affirm the decision of the trial court.

▮ Alternatively, HWZ contends that a workmen's compensation lien should attach to the proceeds of a settlement of a Public Utilities Act claim. However, such a lien attaches only where the proceeds of a settlement are compensation for the *same injuries* for which compensation payments were previously made. (See *Gramse v. Royal Crest Enterprises, Inc.* (1981), 100 Ill. App. 3d 100, 106, 426 N.E.2d 614.) Workmen's compensation payments are made only for an employee's work-related injuries. The Public Utilities Act provides for recovery for many injuries which are not employment related and which are not suffered by employees. The Act provides that any person affected by defendant's wrongful act may sue individually for his or her personal injuries. See Ill. Rev. Stat. 1981, ch. 111⅔, par. 77; *Churchill v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 127, 139, 383 N.E.2d 929.

In the instant case, plaintiff sued individually under the Public Utilities Act for funeral and burial expenses incurred by her and for punitive damages. These "injuries" are clearly not employment-related and were not incurred by an employee and are therefore not covered under the Workmen's Compensation Act. This being the case, the trial court correctly concluded that the workmen's compensation lien filed by HWZ did not attach to the recovery under the Public Utilities Act.

For the reasons expressed herein, the judgment of the circuit court is affirmed.

Affirmed.

DOWNING, P.J., and PERLIN, J., concur.