EDMONIA D. BORDEN, Adm'r of the Estate of James Borden, Plaintiff-Appellant, v. SERVICEMASTER MANAGEMENT SERVICES, Defendant (New Trier High School District 203, Intervenor-Appellee).

First District (6th Division)  No. 1—94—4229

Opinion filed March 22, 1996.

Corboy & Demetrio, P.C., of Chicago (Philip H. Corboy and Michael K. Demetrio, of counsel), for appellant.

Alan C. Garrett and Edward A. Coghlan, both of Nyhan, Pfister, Bambrick & Kinzie, P.C., of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Edmonia D. Borden, as the administrator of her husband James Borden's estate, brought this action against defendant, Servicemaster Management Services (Servicemaster), after her husband, in the course of his employment with New Trier High School District 203 (New Trier), suffered injuries on January 6, 1992, that resulted in his death on January 14, 1992. When settlement between plaintiff and Servicemaster was imminent, New Trier, as James Borden's employer, intervened and moved to impress a workers' compensation lien on the settlement proceeds. At issue on appeal is the appropriate amount of New Trier's lien.

On January 6, 1992, while he was working at New Trier as a maintenance engineer, James Borden was severely burned by a surge of steam from a steam pipe. He was thereafter hospitalized until his death on January 14, 1992. Defendant Servicemaster had a service contract with New Trier. Plaintiff brought this action against Servicemaster, citing the company's failure to train New Trier employees on the proper maintenance of the school's steam pipes as the proximate cause of James Borden's death.

Plaintiff filed her original complaint on September 21, 1992, and an amended complaint on February 26, 1993. Plaintiff's amended complaint stated that she was bringing this action pursuant to the Illinois Wrongful Death Act (740 ILCS 180/1 *et seq.* (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 70, par. 1 *et seq.*)), to recover for pecuniary loss and loss of society and companionship that she and her two adult sons suffered as a result of her husband's death. Plaintiff further alleged that, as the decedent's spouse, she had become obligated for his medical, funeral, and burial costs, and that she was entitled to reimbursement under the Illinois Rights of Married Persons Act (commonly known as the Family Expense Act) (750 ILCS 65/15 (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 40, par. 1015)).

In September 1994, when settlement negotiations between plaintiff and Servicemaster were drawing to a close, the trial court granted New Trier leave to intervene in plaintiff's action. Seeking reimbursement for the workers' compensation benefits it had become obligated to pay, New Trier claimed a lien on the settlement proceeds.

On October 17, 1994, plaintiff filed a "Petition to Settle Wrongful Death Cause of Action and Approval of Distribution of Funds and Adjudicate Workers' Compensation Lien." The petition requested that the court approve an offer of $3,200,000 by Servicemaster as "full settlement of all matters in controversy in this case." The petition also specified the attorney's costs and fees and estimated the amount of New Trier's lien.

A dispute thereafter ensued between plaintiff and New Trier over the appropriate amount of the lien. The parties agreed that New Trier should be reimbursed for the death benefits it had become obligated to pay. The parties disagreed, however, over whether New Trier should also be reimbursed from the settlement proceeds for the amount it paid in medical expenses, temporary total disability payments, and burial expenses. The trial court ruled that these expenses should be included in the lien amount. We affirm.

The exact liabilities New Trier incurred are as follows:

| | | |
|---|---|---:|
| (a) | Medical expenses | $ 92,185.12 |
| (b) | Temporary total disability payments from Jan. 7, 1992, through Jan. 14, 1992 | 557.71 |
| (c) | Burial expenses | 1,750.00 |
| (d) | Death benefits from Jan. 15, 1992, through Jan. 14, 2012, at $488/week | 509,262.84 |
| | | $603,755.67. |

On appeal, plaintiff contends that the $94,492.83 New Trier paid in medical expenses, temporary total disability payments, and burial expenses should not be included in the lien amount because plaintiff herself did not recover damages for such expenses. Plaintiff asserts (and New Trier agrees) that she has recovered only wrongful death damages in her settlement with Servicemaster,[1] and that the disputed items New Trier seeks reimbursement for are not recoverable in a wrongful death action. It was therefore erroneous, plaintiff argues, for the trial court to order that New Trier be reimbursed for these expenses from the settlement proceeds. New Trier responds that under the broad language in the Workers' Compensation Act (820

---

[1]At oral argument, plaintiff's attorney and New Trier's attorney both stated that plaintiff had not made a claim for medical expenses in the suit against Servicemaster. Yet, the record reveals that plaintiff's amended complaint contained both a wrongful death claim and a family expense claim. Plaintiff and Servicemaster then attributed the settlement solely to the wrongful death claim. New Trier does not dispute this, and that is how the parties have come to agree that plaintiff has recovered only wrongful death damages.

ILCS 305/1 *et seq.* (West 1992)), it has the right to be reimbursed for all of the expenses it became obligated to pay in connection with James Borden's injuries and death, including the $94,429.83 in medical expenses, temporary total disability payments, and burial expenses.

■ This dispute involves both the Wrongful Death Act (740 ILCS 180/1 *et seq.* (West 1992)), and the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1992)). Section 2 of the Wrongful Death Act states in pertinent part:

> "*Every such action shall be brought by and in the names of the personal representatives of such deceased person,* and, except as otherwise hereinafter provided, *the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person* and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person." (Emphasis added.) 740 ILCS 180/2 (West 1992).

■ Section 5(b) of the Workers' Compensation Act states in pertinent part:

> "(b) Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, *then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative* including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act.
>
> ***
>
> If the injured employee or his personal representative agrees to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, *the employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party.*" (Emphasis added.) 820 ILCS 305/5(b) (West 1992).

In *Esin v. Liberty Mutual Insurance Co.*, 99 Ill. App. 3d 75, 424

N.E.2d 1307 (1981), the court was asked to reconcile the apparent conflict between the above provisions. Specifically, a declaratory judgment action was brought by a widow to determine whether the settlement proceeds of a wrongful death action brought by her as the personal representative of her husband's estate would be subject to a section 5(b) workers' compensation lien. The widow argued that the language in section 2, providing that wrongful death damages are for "the exclusive benefit of the surviving spouse and next of kin of such deceased person" (Ill. Rev. Stat. 1979, ch. 70, par. 2 (now 740 ILCS 180/2 (West 1992))), denotes the legislature's intention to preclude any creditors and subrogees from sharing in the proceeds. This language, she argued, controls over the language in section 5(b) which grants a statutory lien to an employer on any proceeds from a third-party action brought by an "injured employee or his personal representative." Ill. Rev. Stat. 1979, ch. 48, par. 138.5(b) (now 820 ILCS 305/5(b) (West 1992)).

The *Esin* court held that under the broad language of section 5(b), the workers' compensation carrier's lien attached to the wrongful death proceeds. The court characterized this as a "difficult decision," noting the policies behind "the desire to benefit widows and children on the one hand and the wish to redress the losses of employers who are subject to claims for injuries to their employees." *Esin*, 99 Ill. App. 3d at 80, 424 N.E.2d at 1311. Nevertheless, the court observed that the Workers' Compensation Act was enacted in 1913, 60 years after the original Wrongful Death Act, enacted in 1853. Taking this as an indication that the legislature was aware of the language in the wrongful death statute when it enacted the workers' compensation statute, the court rejected the widow's argument. The court explained:

> "The Wrongful Death Act obviously did not contemplate the Workers' Compensation Act, but the legislature in enacting section 5(b) of the Workers' Compensation Act was certainly cognizant of the provisions of section 2 of the Wrongful Death Act and its failure to exclude wrongful death actions from the operation of the Workers' Compensation lien is more significant since such actions were certainly common at that time. It is not entirely clear, but this circumstance gives some indication that the legislature may have intended to override the literal words of the Wrongful Death Act and to impose the Workers' Compensation lien on the proceeds of all third-party actions, including a wrongful death suit." *Esin*, 99 Ill. App. 3d at 79, 424 N.E.2d at 1310.

Under *Esin*, we recognize that New Trier has asserted a valid lien on plaintiff's settlement proceeds. In fact, plaintiff concedes this

and has acknowledged that New Trier is entitled to reimbursement for the $509,262.84 it has become liable to pay in death benefits. Yet, plaintiff contends that New Trier should not be reimbursed for the $94,492.83 it paid in medical expenses, total temporary disability payments, and burial expenses when, as New Trier concedes, plaintiff has recovered only wrongful death damages from Servicemaster, and no survival damages. Thus, in resolving the present case, we will look beyond *Esin* and consider some other developments in cases involving section 5(b) liens.

■ As does *Esin*, these cases manifest a constant struggle between plaintiffs trying to avoid workers' compensation liens and employers trying to attach such liens. Often the determinative questions in these disputes are: (1) Who is the plaintiff? (2) In what capacity has the plaintiff brought the lawsuit against the third party? and (3) What injuries does the plaintiff seek recovery for? Our research reveals that where the plaintiff is the employee or personal representative of the employee's estate, an employer's workers' compensation lien attaches to the proceeds of an action brought against a third party. See, *e.g.*, *Page v. Hibbard*, 119 Ill. 2d 41, 518 N.E.2d 69 (1987); *Esin*, 99 Ill. App. 3d at 79, 424 N.E.2d at 1310. Yet, if the plaintiff is neither the employee nor the personal representative of the employee, and the plaintiff has brought the action individually, in his or her own name, then a workers' compensation lien will not attach. See, *e.g.*, *Schrock v. Shoemaker*, 159 Ill. 2d 533, 640 N.E.2d 937 (1994); *McDaniel v. Hoge*, 120 Ill. App. 3d 913, 458 N.E.2d 1063 (1983); *Gramse v. Royal Crest Enterprises, Inc.*, 100 Ill. App. 3d 100, 426 N.E.2d 614 (1981); *Dillon v. Nathan*, 10 Ill. App. 2d 289, 135 N.E.2d 136 (1956). Accordingly, a workers' compensation lien will not attach to that portion of a settlement allocated to a spouse's individual loss of consortium claim. *Page*, 119 Ill. 2d at 50, 518 N.E.2d at 73. Also, because the following statutes each created an individual private right of action in the name of the surviving spouse of a decedent, it was held that section 5(b) liens did not attach to the settlement proceeds of a dramshop action (Ill. Rev. Stat. 1953, ch. 43, par. 135; *Dillon*, 10 Ill. App. 2d at 296, 135 N.E.2d at 143), claims brought under the Public Utilities Act (Ill. Rev. Stat. 1981, ch. 111²/₃, par. 77; *McDaniel*, 120 Ill. App. 3d at 916, 458 N.E.2d at 1065), and actions brought pursuant to the Structural Work Act (740 ILCS 150/9 (West 1992) (formerly Ill. Rev. Stat. 1975, ch. 48, par. 69) (repealed by Pub. Act 89—2, eff. February 14, 1995); *Schrock*, 159 Ill. 2d at 540, 640 N.E.2d at 940; *Gramse*, 100 Ill. App. 3d at 104, 426 N.E.2d at 617).

In the present case, both plaintiff and New Trier acknowledge the above line of cases. Plaintiff argues that these decisions manifest

the importance of taking into consideration the underlying cause of action when adjudicating a workers' compensation lien, and urges us to exclude the $94,429.83 from New Trier's lien because plaintiff has not brought a survival action. New Trier asserts, however, that this case is not analogous to any of the above situations in which a lien was held not to attach because here plaintiff has not brought an action individually in her own name. As required by the Wrongful Death Act (740 ILCS 180/2 (West 1992)), she has brought her action as the personal representative of her husband's estate, and New Trier asserts, under the clear language of section 5(b), an employer's lien attaches to any recovery by an injured employee or his personal representative in an action against a third party, regardless of the manner in which the damages are allocated.

■ We agree with New Trier. There is no way plaintiff can avoid the clear and unambiguous statutory language of section 5(b). The fact that plaintiff has not recovered any survival damages does not change this result. Under our reading of section 5(b), whenever an action is brought against a third party by an injured employee or *his personal representative*, and the employer asserts a lien on the proceeds of that action, there is no statutory requirement that the damages recovered by the employee or his personal representative "match up" with the workers' compensation benefits paid on behalf of the employee by the employer. Despite the fact that plaintiff and Servicemaster have allocated the settlement proceeds solely as wrongful death damages, we find that New Trier is entitled to full reimbursement for all of the expenses it incurred, including those incurred between the time of the accident and James Borden's death.

Like New Trier, we find support for this conclusion in *Page v. Hibbard*, 119 Ill. 2d 41, 518 N.E.2d 69 (1988). In *Page*, the supreme court rejected the plaintiff's argument that an employer's lien should not attach to $6,000 in settlement proceeds allocated as recovery for an injured employee's pain and suffering. The supreme court stated:

"There is nothing in [section 5(b)] that suggests a limitation on the employee's obligation of reimbursement from the third-party recovery. On the contrary, the plain language of the statute grants the employer a right of reimbursement out of any recovery without regard to the type of damages the employee receives payment for in the third-party action." *Page*, 119 Ill. 2d at 47, 518 N.E.2d at 71.

We hold that the same must be true when there is recovery by a personal representative in a wrongful death action, regardless of whether some of the expenses paid by the employer were incurred before the decedent's death. Thus, in the present case, even though

plaintiff and Servicemaster have attributed the settlement solely to plaintiff's wrongful death claim, under the clear and unambiguous language of section 5(b), New Trier has the right to reimbursement for the entire $603,755.67 it has become obligated to pay in connection with James Borden's injuries and death, including the $94,492.83 it paid in medical expenses, temporary total disability payments, and burial expenses.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ZWICK, P.J., and RAKOWSKI, J., concur.