BRIAN J. PADGETT, as a Minor Child and Unempancipated Minor of Joseph Padgett, Deceased, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (American Presidential Trucking, Appellee).

First District (Industrial Commission Division)   No. 1—01—0148WC

Opinion filed January 24, 2002.

656

Francis J. Discipio, of Law Offices of Francis J. Discipio, of Oak Brook, for appellant.

David L. Montenegro, of Landau, Omahana, Tucker & Progar, L.L.C., of Chicago, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant, Brian J. Padgett, as a minor child and unemancipated minor child of Joseph Padgett, deceased, appeals from the order of the circuit court of Cook County confirming the decision of the Illinois Industrial Commission (Commission). Respondent is American Presidential Trucking. The arbitrator denied claimant benefits, and the

Commission affirmed. The issues are whether (1) the respondent may assert a lien against claimant's benefits because of a settlement of a wrongful death action, and (2) the Commission decision that claimant was not entitled to benefits beyond the amount of the settlement is against the manifest weight of the evidence. We affirm.

On October 3, 1997, claimant's mother, Shirley M. Padgett (Shirley), filed an·application for adjustment of claim seeking benefits for the death of her husband, Joseph E. Padgett, as a result of an accidental injury on·July 17, 1991 (97WC53008). On that application for adjustment of claim, Shirley listed claimant as a dependent of Joseph. On July 15, 1998, clamant filed a separate application for adjustment of claim seeking death benefits (98WC37111). The July 15, 1998, application showed only claimant as a dependent and did not list any other party as dependent. Both applications show the same counsel. The matters were consolidated before the arbitrator.

Shirley Padgett Gollmer testified that she was married to Joseph Padgett at the time of the accidental injury on July 17, 1991, and his subsequent death. On the date of the accident, claimant was 15 years old. Joseph died on July 18, 1991, due to an adverse reaction to the anesthesia given at the time of the surgical repair of his fingers that were injured on July 17, 1991. There was a settlement in a third-party litigation. She understood that, as a result of the settlement, she would not receive any additional death benefits. She was not seeking additional benefits. There was an order of the trial court allowing the settlement to be introduced in this case. On her federal income tax returns for 1994 through 1997, she claimed claimant as a dependent, and she continued to provide more than 50% of his support, including his school and tuition, room and board. Prior to Joseph's death, she and her husband provided more than 50% of claimant's support. Claimant was a beneficiary of the estate. At the time of the settlement, two checks were cut. She did not receive claimant's share. After completing high school, claimant enrolled at the University of Southern Indiana and began studies there in August 1995 on a full-time basis. At the time of the arbitration hearing, he was a full-time student. Claimant was Joseph's only child. While the wrongful death proceeding was pending, Shirley received workers' compensation benefits. She testified she was not making a claim for additional funeral expenses. Shirley remarried on October 1, 1994.

Claimant (born November 27, 1975) testified he was 23 years old at the time of the arbitration hearing. His mother and stepfather paid for his tuition, room and board. In 1995, he earned $1,934; in 1996, he earned $3,100; and in 1997, he earned $4,234. During the summers, he went to his mother's home. He received a structured settlement.

He was not sure what he could and could not disclose about the settlement. An order of confidentiality was placed on the settlement. He anticipated graduating from college in May 2000.

As a result of the settlement of the third-party litigation, the amount of that settlement was not to be disclosed outside of the hearing. The arbitrator reviewed the documents, but they were kept out of the record in this workers' compensation case following a discussion off the record precipitated by claimant's objections. Claimant did not want to disclose the wrongful death settlement terms.

As to the claim of the widow (97WC53008), the arbitrator found that, in Cook County case No. 92—L—690, an action by Shirley Padgett, widow and administrator of the estate of Joseph Padgett, Jr., deceased, the wrongful death action was settled in November 1996 for an amount that was subject to a confidentiality order. The arbitrator found that the settlement exceeded the value of 20 years of death benefits at a rate of $350.60 per week, which is the total amount of benefits to which she would be entitled. The arbitrator further found that respondent was entitled to a credit for all of its financial liability on account of the death of decedent by reason of the settlement in 92—L—690 and further found that Shirley Padgett had expressly waived her claim for any benefits under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1998)). The arbitrator's determination of the widow's award was not appealed, and no issue is presented in this case regarding the claim of the widow.

As to claimant, the arbitrator found that, although the order of settlement was silent as to any claim claimant had against respondent, claimant did testify that he received a separate check as part of the estate settlement and opened a separate bank account. Shirley, as representative of the estate, filed a wrongful death action against Cook County Hospital for the death of her husband. Noting that the amount recovered in the wrongful death action was for the exclusive benefit of the surviving spouse and next of kin of the decedent and that claimant is a next of kin under the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 1998)), the arbitrator found that section 5(b) of the Act (820 ILCS 305/5(b) (West 1998)) authorized a workers' compensation lien to attach to the payment of the wrongful death settlement. The arbitrator found that respondent was entitled to a credit against the amount of its liability to claimant up to the full amount of the civil settlement and that the civil settlement amount exceeded the maximum amount for which respondent would be liable to claimant under the Act. The arbitration decision explained that the maximum amount to which claimant would be entitled would be $350.60 per week for the period that he was enrolled as a student

until he reached age 25. The arbitrator denied benefits to claimant. With a minor modification not relevant to the issues in this appeal, the Commission affirmed and adopted the arbitrator's decision.

We initially address whether the respondent may assert a lien against claimant's benefits because of a settlement of a wrongful death action. Claimant disagrees with the interpretation placed on section 5(b) of the Act and section 2 of the Wrongful Death Act by *Borden v. Servicemaster Management Services*, 278 Ill. App. 3d 924, 663 N.E.2d 153 (1996). *Borden* relied on *Esin v. Liberty Mutual Insurance Co.*, 99 Ill. App. 3d 75, 424 N.E.2d 1307 (1981), and *Page v. Hibbard*, 119 Ill. 2d 41, 518 N.E.2d 69 (1987). The language of the first paragraph of section 2 of the Wrongful Death Act (740 ILCS 180/2 (West 1998)) and section 5(b) of the Act is the same as it was at the time of the decision in *Borden*. *Borden* concluded that, despite the allocation of settlement proceeds, an employer has a lien against the proceeds of a wrongful death action for the amounts paid by the employer to the employee or personal representative on account of the accidental injury. *Borden*, 278 Ill. App. 3d at 931-32, 663 N.E.2d at 158.

■ Claimant attempts to avoid this result by distinguishing the term "dependent" of the employee from the "legal representative" of the estate, utilizing the language of the first paragraph of section 5(a) of the Act as follows:

"No common law or statutory right to recover damages from the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations for the employer or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury." 820 ILCS 305/5(a) (West 1998).

Claimant argues that, although section 5(a) of the Act refers to a dependent's ability to receive benefits, section 5(b) of the Act does not refer to a dependent.

■ Section 5(b) refers to liens against recoveries in actions by the employee or the personal representative of the employee. In this case, it is undisputed that Cook County case No. 92—L—690 was an action by the representative of the employee. Thus, regardless of the apportionment of the recovered amounts to the beneficiaries of the estate, respondent was entitled to a lien for all compensation paid and to be paid. Claimant does not suggest what type of action he could

maintain without becoming a personal representative of the estate. In essence, under *Borden*, respondent was entitled to a lien against the wrongful death settlement for any workers' compensation benefits "paid or to be paid" by it "to such employee or personal representative." 820 ILCS 305/5(b) (West 1998).

Claimant argues that, since he is entitled to receive benefits under section 7 of the Act (820 ILCS 305/7 (West 1998)) as a dependent, benefits paid to him would not be paid to the employee or the personal representative, within the context of section 5(b). However, a "widow" is also entitled to an award under section 7 of the Act, may also not be the personal representative, and still may not make a double recovery.

In *Scott v. Industrial Comm'n*, 184 Ill. 2d 202, 703 N.E.2d 81 (1998), both the widow and the administrator of the estate filed workers' compensation claims; the claim of the administrator was dismissed because no award to the estate was permitted when the surviving spouse had filed a claim. See *Scott*, 184 Ill. 2d at 205, 703 N.E.2d at 82-83. In *Scott*, the administrator of the estate pursued a third-party wrongful death action that was settled. *Scott*, 184 Ill. 2d at 207, 703 N.E.2d at 83-84. Travelers Insurance Company, the employer's workers' compensation carrier, asked the Commission to determine the amount of credit to which it was entitled as a result of the third-party settlement. *Scott*, 184 Ill. 2d at 209, 703 N.E.2d at 85. Although in *Scott* Travelers had waived its ability to obtain a section 5(b) lien, it had not waived its ability to claim a credit under section 5(b).

> "Were the rule to be otherwise, as suggested by Scott, an employee would be able to receive and retain a double recovery. This would be inconsistent with the general principle that an employee is not entitled to a double recovery. See *Malatesta v. Mitsubishi Aircraft International, Inc.*, 275 Ill. App. 3d 370, 380 (1995); see also 6 A. Larson & L. Larson, Larson's Workers' Compensation Law § 71.20, at 14—5 (1998) ('It is equally elementary that the claimant should not be allowed to keep the entire amount both of his compensation award and of his common-law damage recovery').
>
> * * *
>
> Accordingly, we believe that the Commission, which entered the original compensation award, is the proper place to determine whether an employer or its insurer is entitled to credits for amounts received by an employee in a third-party proceeding when lien rights have not been adjudicated by the circuit court. See *Selleck v. Industrial Comm'n*, 233 Ill. App. 3d 17, 19-20 (1992) (finding Industrial Commission to be a proper forum for determining employer credits when third-party action ended prior to a determination that employee was entitled to compensation)." *Scott*, 184 Ill. 2d at 217-18, 703 N.E.2d at 88-89.

■ As Travelers was entitled to a credit against the widow's award in *Scott* for payments made in a third-party wrongful death action initiated by a personal representative other than the widow, respondent would be entitled to a lien in this case. Claimant is not entitled to a double recovery. See also *Prince v. Atchison, Topeka & Santa Fe Ry. Co.*, 76 Ill. App. 3d 898, 908, 395 N.E.2d 592, 599-600 (1979) ("personal representative" and "surviving spouse" are not synonymous and the workers' compensation lien applies to the entire third-party judgment, not just the portion distributed to the surviving spouse).

■ We next consider whether the Commission determination that claimant was not entitled to benefits beyond the amount of the settlement is against the manifest weight of the evidence. Before the arbitrator, claimant's counsel said that he was not going to introduce the settlement agreement and suggested that Shirley had violated the confidentiality provision of the settlement agreement by disclosing the amount of the settlement. Claimant, as appellant, has the burden of providing a record sufficient for review, and any doubts arising from the insufficiency of the record are resolved against the claimant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392, 459 N.E.2d 958, 959 (1984).

■ Here, the arbitrator had the opportunity to review the settlement documents. The record discloses that claimant received a structured settlement in the third-party wrongful death action. The arbitrator found that claimant was entitled to workers' compensation benefits in the amount of $350.60 "for the period that he is enrolled as a student until he reaches age 25." See 820 ILCS 305/7(a) (West 1998). This finding is not challenged by claimant. Shirley testified that claimant started college in August 1995. His anticipated graduation date was in May 2000, and he will turn 25 on November 27, 2000. Although the settlement documents were not included in the record in this appeal, the testimony and discussion before the arbitrator suggest that there was a gross settlement in the amount of $950,000 of which Shirley received a net amount of $360,000. The arbitrator, on the basis of the records before him, also found "The maximum benefits Petitioner could receive over the course of his compensation case is less than his recovery on the wrongful death case."

Claimant now argues that the Commission's decision is speculative because the full terms of the settlement, including claimant's portion, were not before it. Claimant frustrated the respondent's ability to present such evidence. Nothing in the record on appeal suggests the Commission's findings were against the manifest weight of the evidence.

The order of the circuit court of Cook County confirming the Commission's decision is affirmed.

Circuit court affirmed.

HOFFMAN, O'MALLEY, HOLDRIDGE, and RARICK, JJ., concur.