LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, v. LLOYD SCHOENHEIT TRUCK & TRACTOR SERVICE, INC., *et al.*, Defendants-Appellees.

Fifth District   No. 5—88—0382

Opinion filed November 20, 1989.

Rhonda J. Kattelman, and Cornelius T. Ducey, both of Ducey, Feder & Ducey, Ltd., of Belleville, for appellant.

John L. McMullin and T. Michael Ward, both of Brown, James & Rabbitt, P.C., of Belleville, for appellees.

JUSTICE LEWIS delivered the opinion of the court:

The plaintiff, Liberty Mutual Insurance Company (Liberty Mutual), appeals from an order granting a motion for judgment on the pleadings in favor of the defendant Hartford Insurance Company (Hartford). Liberty Mutual had brought a suit for declaratory judgment which was dismissed with prejudice by virtue of the trial court's granting Hartford's motion.

The underlying cause of action which gave rise to Liberty Mutual's complaint was a civil action brought in the circuit court of St. Clair County entitled "Faye Meserole as special administrator of the estate of David Meserole, deceased, plaintiff v. Lloyd Schoenheit Truck and Tractor Service et al., defendant" (Meserole). After a fourth amended complaint was filed, the Meserole case was settled and Hartford made payments to Faye Meserole on behalf of Schoenheit, its insured. Liberty Mutual, at the time of the settlement, held a workers' compensation lien in the amount of $61,598.94 for monies paid to Faye Meserole on behalf of Southern Triangle Oil Company, David Meserole's employer. Hartford was notified by letter of Liberty Mutual's lien claim. Prior to the settlement of the Meserole case, Hartford acknowledged the claim but refused to make payment on the lien and only made payment to the special administrator. Subsequently, Liberty Mutual filed its complaint seeking a declaratory judgment regarding its rights as lienholder, which as we noted previously, was dismissed with prejudice and is the subject of this appeal.

On appeal, Liberty Mutual contends that because Meserole's complaint alleged a claim under the Wrongful Death Act (Ill. Rev. Stat. 1981, ch. 70, par. 1 *et seq.*), pursuant to section 5(b) of the Workers'

Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.5(b)), Southern Triangle Oil Company, decedent's employer, was entitled to reimbursement for the outstanding workers' compensation lien from the settlement of Meserole's claim with Schoenheit. The basis of Liberty Mutual's contention that its lien is reimbursable is that workers' compensation liens can attach to the settlement proceeds from a wrongful death action. (*Esin v. Liberty Mutual Insurance Co.* (1981), 99 Ill. App. 3d 75, 424 N.E.2d 1307.) However, Hartford maintains that the settlement was based upon an action under the Structural Work Act (Ill. Rev. Stat. 1981, ch. 48, par. 69) and, therefore, the lien does not attach.

Before addressing Liberty Mutual's argument, we set forth the statutes herein involved. The pertinent portion of section 5(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.5(b)) upon which Liberty Mutual relies, states as follows:

> "Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and *** settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act.
>
> * * *
>
> *** No release or settlement of claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings shall be valid without the written consent of both employer and employee or his personal representative, except in the case of the employers, such consent is not required where the employer has been fully indemnified or protected by court order." Ill. Rev. Stat. 1981, ch. 48, par. 138.5(b).

The first paragraph of section 2 of the Wrongful Death Act (Ill. Rev. Stat. 1981, ch. 70, par. 2) states as follows:

> "Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, ex-

cept as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person."

Section 69 of the Structural Work Act (Ill. Rev. Stat. 1981, ch. 48, par. 69) provides in pertinent part as follows:

"For any injury to person or property, occasioned by any wilful violations of this Act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby; and in case of loss of life by reason of such wilful violation or wilful failure as aforesaid, a right of action shall accrue to the surviving spouse of the person so killed, the lineal heirs or adopted children of such person, or to any other person or persons who were, before such loss of life, dependent for support on the person or persons so killed, for a like recovery of damages for the injuries sustained by reason of such loss of life or lives."

■■ An analysis of the foregoing provisions reveals that reimbursement for workers' compensation liens is limited to third-party actions in which the employee or his personal representative is the plaintiff. In a wrongful death action, the statute requires that the claim be brought by the personal representative of the decedent. In contrast, a structural work action is to be brought in the surviving spouse's or the decedent's heir's name and creates a distinct cause of action for the dependents of the deceased.

In dismissing Liberty Mutual's complaint, the trial court determined that the case of *Gramse v. Royal Crest Enterprises, Inc.* (1981), 100 Ill. App. 3d 100, 426 N.E.2d 614, was controlling. In *Gramse*, prior to trial, the plaintiff's claims under the Structural Work Act and the survival provisions of the Probate Act were settled, and thereafter, the insurance company, who was the workers' compensation carrier for the employer of the plaintiff's decedent, sought to enforce its workers' compensation lien. The *Gramse* court held, on appeal, that a workers' compensation lien cannot attach to the proceeds paid in settlement of a death claim brought pursuant to the Structural Work Act. The *Gramse* court reasoned that different injuries and theories were involved in a Structural Work action when it stated:

"The Workmen's Compensation Act, and the monies paid under that statute by the employer's insurance carrier, were intended

to compensate the decedent himself for his lost wages and medical bills. The Structural Work Act claims, by contrast, were brought by the widow *in her own right* (not as representative of the decedent) and for the benefit of the children, and asserted their right to be compensated for the loss of *their* source of support.

*** [T]he workmen's compensation settlement compensated the *decedent* for *his* injuries; the Structural Work Act claim compensated the decedent's *dependents* for *their* injuries." (Emphasis in original.) (*Gramse v. Royal Crest Enterprises, Inc.* (1981), 100 Ill. App. 3d 100, 104, 426 N.E.2d 614, 617.)

Thus, if this case is a Structural Work Act case as the trial court below so held, then *Gramse* controls.

■ It appears from its brief that Liberty Mutual argues that this is not a Structural Work Act case, but one based upon wrongful death. Liberty Mutual claims this is so because this cause was brought by the decedent's legal representative and not by the widow individually and as next friend of the three minor children, as Liberty Mutual claims was required under the Structural Work Act. In the Meserole complaint, count I, the only count against Schoenheit, was brought by the personal representative as administrator of the decedent's estate pursuant to the Wrongful Death Act; however, our review of the complaint revealed that this count substantively set forth as its sole theory of recovery a death claim based upon the Structural Work Act. Liberty Mutual did not deny this in its brief and agreed with this interpretation at oral argument. Liberty Mutual merely tries to assert the form of the complaint over the substance. We find that the substance of the Meserole complaint and the prayer of relief clearly set out that count I was a Structural Work Act claim, and the erroneous designation of the plaintiff in the Meserole complaint did not negate the theory of recovery.

■ The language of section 69 of the Structural Work Act (Ill. Rev. Stat. 1981, ch. 48, par. 69) tells us that a cause of action brought thereunder accrues to the benefit of the widow and the next of kin and not to the decedent for his injuries or death. Therefore, because this was not a wrongful death action, no workers' compensation lien attached in the case *sub judice* because the Meserole Structural Work Act claim was not a claim for the decedent but was a different cause of action, under a different theory, for different people.

The holding of a recent supreme court case, *Page v. Hibbard* (1987), 119 Ill. 2d 41, 518 N.E.2d 69, although not a Structural Work Act case, bolsters the concept that a Structural Work Act claim is a

different cause of action from a wrongful death action, the position which we have espoused here. The supreme court in *Page* stated:

"The statute grants the employer a right of reimbursement out of 'the amount received by such employee' in an action 'brought by the injured employee or his personal representative' in the amount of workers' compensation benefits paid to the employee or his personal representative. The Department paid no compensation to Mrs. Page for loss of consortium and was not required to under the Act. Too, an action for loss of consortium is not a derivative claim brought by the spouse as the personal representative of the employee, but is an independent action to recover for injuries the spouse has suffered, such as loss of support and loss of society. (See *Brown v. Metzger* (1984), 104 Ill. 2d 30, 38; *Hammond v. North American Asbestos Corp.* (1983), 97 Ill. 2d 195, 208-09.) The Department's lien under section 5(b) of the Workers' Compensation Act did not attach to that portion of the settlement proceeds designated as a settlement of Mrs. Page's claim for loss of consortium." *Page v. Hibbard* (1987), 119 Ill. 2d 41, 47-48, 518 N.E.2d 69, 72.

A similar result to our holding in the instant case was obtained in the dramshop case of *Dillon v. Nathan* (1956), 10 Ill. App. 2d 289, 135 N.E.2d 136. In *Dillon*, the decedent's widow received workers' compensation death benefits from her deceased husband's employer. Subsequently, the widow and the decedent's daughter, in their individual capacities, filed a claim under the Dramshop Act for the same incident for which the widow received the workers' compensation benefits. The decedent's employer sought leave to intervene in the dramshop action so that it could impress a lien for the workers' compensation payment upon any judgment entered in the dramshop suit. Subsequently, a judgment was obtained in the dramshop action; however, the court denied the decedent's employer's motion to intervene. The employer appealed the court's denial of its motion. The appellate court in *Dillon* held that because the dramshop claim was brought by the decedent's widow and his daughter in their own right and not as the "personal representative" of the decedent, the trial court properly denied the employer's motion as the employer was not entitled to intervene under section 5(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1953, ch. 48, par. 138.5(b)). Likewise, in *McDaniel v. Hoge* (1983), 120 Ill. App. 3d 913, 458 N.E.2d 1063, the court held that a workers' compensation claim would not attach to the proceeds of a settlement of a Public Utilities Act claim. That court held that a workers' compensation lien attached only where the proceeds of a set-

tlement were compensation for the same injuries for which the workers' compensation payments were previously made. *McDaniel v. Hoge*, 120 Ill. App. 3d 913, 458 N.E.2d 1063.

■ Liberty Mutual raises two other arguments. Liberty Mutual claims that the trial court never entered an express finding that the settlement proceeds were paid under the Structural Work Act. An express finding was unnecessary as the settlement payment was made on behalf of Schoenheit and Schoenheit was sued under the Structural Work Act. In addition, the trial court inferentially decided it was a Structural Work Act case when the court specifically decided the motion on the basis of *Gramse*.

■ Liberty lastly contends that, despite the mandate of section 5(b) of the Workers' Compensation Act, no written consent or authorization to the settlement was given by Liberty Mutual. Suffice it to say that, since we have determined that the settlement was for a Structural Work Act claim and that no lien attached pursuant to section 5(b) of the Workers' Compensation Act, there was no need for Liberty Mutual's consent or authorization.

For the foregoing reasons, the order of the circuit court of St. Clair County dismissing Liberty Mutual's complaint for declaratory judgment is affirmed.

Affirmed.

HARRISON and CHAPMAN, JJ., concur.