808

VIOLET DIVARCO, Plaintiff-Appellee, v. W.J. LAZYNSKI, INC., *et al.*, Defendants (Baywood Construction Company, Intervenor-Appellant).

First District (2nd Division)   No. 1—88—3817

Opinion filed June 5, 1990.

James W. Ford, of Braun, Lynch, Smith & Strobel, Ltd., of Chicago, for appellant.

Michael W. Rathsack, Dominic R. Fichera, and Charles A. Fanucchi, all of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Intervenor, Baywood Construction Company (Baywood), appeals from an order of the circuit court denying its petition to impress a workers' compensation lien on the proceeds plaintiff, Violet DiVarco, received in settlement of a Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, par. 60 et seq.) cause of action.

On June 22, 1977, plaintiff's husband, Sam DiVarco, died from injuries incurred in the course of his employment by Baywood. As a result of Sam DiVarco's death, Baywood's workers' compensation carrier, U.S. Insurance Group, made payments to plaintiff pursuant to the Illinois Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 et seq.).

In 1978, plaintiff instituted a third-party action against various defendants allegedly liable for the death of her husband. The initial complaint asserted liability on the theory of negligence. As the case progressed through the usual pretrial stages, the pleadings were amended. The negligence counts were dropped. At its final stage, before trial was to begin, Violet DiVarco was the only plaintiff and liability was asserted under the provisions of the Structural Work Act. Ill. Rev. Stat. 1985, ch. 48, par. 60 et seq.

Prior to trial, plaintiff entered into a settlement agreement with defendant Greeley and Hansen, Inc., and defendant W.J. Lazynski, Inc., and dismissed her action against the remaining defendant. The parties notified Baywood of the proposed settlement. This caused Baywood to intervene, for the use and benefit of U.S. Insurance Group (its workers' compensation carrier), and assert a lien on the settlement proceeds pursuant to the Workers' Compensation Act. Ill. Rev. Stat. 1987, ch. 48, par. 138.5(b).

After Baywood amended its petition, the trial court held a hearing. At the hearing, Baywood did not allege that there was any impropriety on the part of the parties in reaching a settlement and disposition of the Structural Work Act case. Baywood concedes that the amount of the settlement was fair and reasonable under the Struc-

tural Work Act. Baywood merely seeks to impress a lien on the proceeds so that it can recover the amounts it paid and will pay under the Workers' Compensation Act. The trial court denied Intervenor Baywood's petition to impress a workers' compensation lien. It is from this order that Baywood appeals.

The issue before this court is whether a workers' compensation lien attaches to the proceeds of a settlement based upon a complaint alleging violation of the Structural Work Act. Ill. Rev. Stat. 1987, ch. 48, par. 60 *et seq.*

## I

■■ An employer who makes payments under the Workers' Compensation Act has a right to impress a lien on the judgment or settlement paid by a third-party tortfeasor in certain instances.

> "Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages ***. In such case, however, if the action *** is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, *** then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative ***." Ill. Rev. Stat. 1987, ch. 48, par. 138.5(b).

Baywood contends that the denial of its petition to impress a lien on the settlement proceeds operates to frustrate the purpose of section 5(b), which is to prevent a double recovery by the same person for the same injuries. Baywood argues that both the Workers' Compensation Act and the Structural Work Act compensate a decedent's widow for her loss of support. Notwithstanding the specific wording of section 5(b), Baywood contends that a workers' compensation lien should be impressed upon the proceeds plaintiff received in settlement of her Structural Work Act complaint in order to effectuate section 5(b)'s purpose of preventing double recoveries.

The Structural Work Act, upon which the settlements at issue were based, provides:

> "[I]n case of loss of life by reason of [any] wilful violation [of this Act], a right of action shall accrue to the surviving spouse of the person so killed, *** for a like recovery of damages for

the injuries sustained by reason of such loss of life \*\*\*." Ill. Rev. Stat. 1985, ch. 48, par. 69.

Plaintiff disputes Baywood's contention that plaintiff has received a double recovery by virtue of the Workers' Compensation Act and the Structural Work Act. Plaintiff argues that a widow's cause of action under the Workers' Compensation Act is a derivative claim, based upon the rights of the employee to be compensated by his employer. In contrast, a widow's cause of action under the Structural Work Act is an independent cause of action, personal to the widow, based upon her loss of support. We agree.

■ The Structural Work Act provides an independent cause of action accruing to the widow herself for her loss of support. The legislature created a right in the employer to impress a lien on settlement proceeds in certain specific instances. Under the plain language of section 5(b), an employer is entitled to impress a lien only on actions brought by and settlement proceeds paid to "the injured employee or his personal representative." (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b).) In the case at bar, the action upon which the settlement was made was not brought by the "injured employee or his personal representative." The employee's personal representative, by reason of his death, is not a party to the litigation and was not a party to the settlement of the litigation. The party plaintiff is the employee's widow, in her own individual capacity, asserting her own personal claim under the Structural Work Act. She is the party to the settlement in her own personal capacity. Therefore, a section 5(b) lien does not apply.

The third district reached this same conclusion in *Gramse v. Royal Crest Enterprises, Inc.* (1981), 100 Ill. App. 3d 100, 426 N.E.2d 614. The defendant's compensation carrier sought to impress a workers' compensation lien on proceeds paid to plaintiff for settlement of a Structural Work Act cause of action. In affirming the trial court's denial of defendant's petition to impress a lien, the court reasoned:

> "As is clear from the \*\*\* language [of section 5(b)], the legislature has explicitly limited the employer's lien to third-party actions in which the employee or his personal representative is the plaintiff. Under the express statement of the lien provision in question, it plays no part in actions brought by the employee's widow as a person in her own right and based on a cause of action accruing to her." 100 Ill. App. 3d at 102-03.

■ Plaintiff's claim under the Workers' Compensation Act is *derivative*, based upon her deceased husband's right to be compensated

by his employer for work-related injuries or death. Plaintiff's cause of action under the Structural Work Act accrues to her, *individually*, and asserts her right to be compensated for the loss of her source of support. We therefore conclude that a lien under section 5(b) of the Workers' Compensation Act does not apply to the facts of this case.

## II

Intervenor asked the trial court to apportion the settlement proceeds paid to plaintiff by defendants between a Structural Work Act claim and a negligence claim. Since payment to plaintiff under a negligence claim would be *derivative*, the lien would attach. Intervenor asserts that the trial court abused its discretion by refusing to apportion. We disagree.

The Structural Work Act complaint was the only cause of action pending between the plaintiff and the defendants at the time of the settlement. Plaintiff has the right to choose the theory upon which she will proceed. Intervenor concedes that the settlement between the plaintiff and defendants, under the theory at issue, was reasonable. It is undisputed that the settlement was an arm's-length transaction without any hint or suggestion of impropriety. Therefore, the only purpose for revising the settlement agreement would be to provide a fund for the intervenor to attach. That would be an abuse of discretion. We therefore conclude that the trial court properly refused to apportion.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DiVITO, P.J., and HARTMAN, J., concur.