JANIS E. SCHROCK, Plaintiff-Appellee, v. CALVIN SHOEMAKER *et al.*, Defendants and Third-Party Plaintiffs-Appellees (Bash and Schrock, Inc., Third-Party Defendant-Appellant).

Fourth District   No. 4—92—0959

Argued April 14, 1993.—Opinion filed June 29, 1993.

LUND, J., specially concurring.

Murvel Pretorius, Jr. (argued), John P. Fleming, and Scott R. Paulsen, all of Quinn, Johnston, Henderson & Pretorius, Chartered, of Peoria, for appellant.

David B. Mueller (argued), of Cassidy & Mueller, of Peoria, for appellees Calvin Shoemaker and Erwin Goldfarb.

Harlan Heller and Rodney L. Smith (argued), both of Heller, Holmes & Associates, P.C., of Mattoon, for appellee Janis E. Schrock.

JUSTICE KNECHT delivered the opinion of the court:

This case arises from an interlocutory appeal granted by a Champaign County trial judge. The issues certified to this court are (1) whether a recovery of death benefits by plaintiff, Janis E. Schrock, pursuant to section 9 of the Structural Work Act (Work Act) (Ill. Rev. Stat. 1989, ch. 48, par. 69), is subject to a lien, credit, or offset based on payments made by a third-party defendant employer, pursuant to

section 7 of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.7); and (2) if not, whether an employer who pays benefits under section 7 of the Act can be subjected to a third-party claim for contribution in a death case brought under the Work Act.

Plaintiff's recovery is not subject to a lien, credit, or offset. Although the third-party plaintiffs can file a contribution claim against the deceased's employer, the employer's liability is limited to its liability under the Act.

## I. FACTS

The underlying litigation stems from a construction accident which occurred on June 13, 1989, in Champaign, Illinois. Adlai J. Schrock was working at a construction site owned by Calvin Shoemaker and Erwin Goldfarb. Adlai was employed by Bash & Schrock, Inc. (Bash & Schrock), the contractor for the construction site. Adlai fell off a scaffold while working at the site. He later died from his injuries.

Pursuant to section 7 of the Act, Adlai's surviving spouse, Janis, began receiving death benefits from Bituminous Insurance Company. Janis later filed a complaint against defendants, Schoemaker and Goldfarb, based on the Work Act. She alleged, in pertinent part:

> "Plaintiff has lost the service of her husband, which, prior to his said death, had been of great value to her, and she has been deprived of his affection, society, companionship, and consortium, as well as the services which her husband could and would have performed for her."

In August 1991 defendants filed a third-party complaint against Bash & Schrock seeking contribution pursuant to section 2 of the Contribution Among Joint Tortfeasors Act (Contribution Act) (Ill. Rev. Stat. 1989, ch. 70, par. 302). In November 1991 Bash & Schrock filed a petition to intervene as lien claimant pursuant to section 5 of the Act (Ill. Rev. Stat. 1991, ch. 48, par. 138.5).

The trial judge denied the petition to intervene in June 1992. Bash & Schrock also sought a judgment based on the pleadings or a summary judgment order. The third-party plaintiffs, Shoemaker and Goldfarb, argued the relief sought by Bash & Schrock would deprive them of their statutory right to contribution and thereby make them potentially liable for damages in excess of their *pro rata* share of their common liability. They sought denial of Bash & Schrock's motions or, alternatively, argued they should receive a credit against any

judgment in favor of Janis to the extent of any benefits received by her under the Act.

Bash & Schrock's motion to reconsider and its other motions were denied. However, the trial judge concluded the issues raised involved questions of law about which substantial grounds for differences of opinion existed and that an immediate appeal would materially advance the ultimate termination of the litigation. This court granted leave to appeal pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308).

## II. PARTIES' VIEWS

The third-party defendant, Bash & Schrock, contends the trial judge erred by disallowing its request for a lien or setoff against payments it made to plaintiff based on its liability under the Act, while sustaining Shoemaker and Goldfarb's contribution action against it. Bash & Schrock contends this ruling is contrary to the Illinois Supreme Court's ruling in *Kotecki v. Cyclops Welding Corp.* (1991), 146 Ill. 2d 155, 585 N.E.2d 1023, because it may be held liable for an amount in excess of its liability under the Act.

Shoemaker and Goldfarb contend that regardless of whether Bash & Schrock is entitled to a lien under section 5(b) of the Act, they have a statutory right to contribution from Bash & Schrock pursuant to section 2 of the Contribution Act. After providing a historical overview of the rule which apportions liability between tortfeasors, they concede the *Kotecki* ruling limits an employer's liability for contribution to an amount not greater than its workers' compensation liability. However, if Janis' cause of action is distinct from the claim for which she received workers' compensation benefits, the Act would not be involved in her Work Act claim and therefore the amount of contribution which they can seek from Bash & Schrock should be based on its *pro rata* liability.

Bash & Schrock and Shoemaker and Goldfarb contend the trial judge's ruling provides the potential for a double recovery by Janis because she received compensation under the Act and she would now be permitted to recover for the same injuries under the Work Act.

They also contend courts of review in the first, third, and fifth districts have wrongly concluded that, under circumstances similar to those presented in this case, a concern about potential double recovery did not permit an employer to obtain a lien on recoveries made pursuant to the Work Act. *DiVarco v. W.J. Lazynski, Inc.* (1990), 199 Ill. App. 3d 808, 557 N.E.2d 577; *Gramse v. Royal Crest Enterprises, Inc.* (1981), 100 Ill. App. 3d 100, 426 N.E.2d 614; *Liberty Mutual In-*

*surance Co. v. Lloyd Schoenheit Truck & Tractor Service, Inc.* (1989), 191 Ill. App. 3d 578, 547 N.E.2d 1272.

Janis contends the trial judge's ruling was correct because her cause of action brought against Shoemaker and Goldfarb is a distinct cause of action brought on behalf of a dependent of a deceased person in the dependent's individual capacity. No lien can attach to benefits received by her under the Act based on her claim brought under the Work Act because section 5 of the Act (the lien provision) explicitly limits the employer's lien to third-party actions in which the employee or his personal representative is a plaintiff.

She also appears to argue Shoemaker and Goldfarb are entitled to contribution based on Bash & Schrock's liability and not limitations provided by the Act or *Kotecki.*

### III. ANALYSIS

#### A. *Statutory Provisions*

##### 1. Workers' Compensation Act
Janis received workers' compensation benefits pursuant to section 7 of the Act, which states, in pertinent part:

"The amount of compensation which shall be paid for an accidental injury to the employee resulting in death is:

(a) If the employee leaves surviving a widow *** the applicable weekly compensation rate computed in accordance with subparagraph 2 of paragraph (b) of Section 8, shall be payable during the life of the widow ***." Ill. Rev. Stat. 1991, ch. 48, par. 138.7(a).

Section 5 of the Act is also at issue:

"(a) No common law or statutory right to recover damages from the employer, his insurer *** is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury.

\* \* \*

(b) Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay

compensation under this Act. In such case, *however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act.*" (Emphasis added.) Ill. Rev. Stat. 1991, ch. 48, par. 138.5.

Section 11 of the Act is also relevant:

"The compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer engaged in any of the enterprises or businesses enumerated in Section 3 of this Act, or of any employer who is not engaged in any such enterprises or businesses, but who has elected to provide and pay compensation for accidental injuries sustained by any employee arising out of and in the course of the employment according to the provisions of this Act, and whose election to continue under this Act, has not been nullified by any action of his employees as provided for in this Act." Ill. Rev. Stat. 1991, ch. 48, par. 138.11.

### 2. Structural Work Act

Section 9 of the Work Act, under which Janis seeks compensation from Shoemaker and Goldfarb, states:

"For any injury to person or property, occasioned by any wilful violations of this Act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby; and in case of loss of life by reason of such wilful violation or wilful failure as aforesaid, a right of action shall accrue to the surviving spouse of the person *** who [was], before such loss of life, dependent for support on the person or persons so killed, for a like recovery of damages for the injuries sustained by reason of such loss of life or lives." Ill. Rev. Stat. 1991, ch. 48, par. 69.

### 3. Right of Contribution

Section 302(a) of the Contribution Act provides:

"(a) Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the

same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them." Ill. Rev. Stat. 1991, ch. 70, par. 302(a).

## B. *Lien, Setoff, or Credit?*

Bash & Schrock and Shoemaker and Goldfarb rely on *Kotecki* in arguing because Bash & Schrock's liability is limited to its coverage under the Act, absent either a lien or setoff on its behalf, or a credit on behalf of Shoemaker and Goldfarb, plaintiff will be permitted to seek double recovery for her husband's death.

In *Kotecki*, the plaintiff injured his hand in an agitator while he was performing employment duties. Plaintiff filed a products liability cause of action against the manufacturer of the agitator. The manufacturer filed a third-party complaint against plaintiff's employer, seeking contribution from the employer in an amount equal to the employer's *pro rata* share of their common liability. *Kotecki*, 146 Ill. 2d at 155-56, 585 N.E.2d at 1023-24.

The employer filed a motion to strike the manufacturer's *ad damnum* clause, asserting that section 5 of the Act limits the employer's liability to an amount not greater than the employer's workers' compensation liability. The Illinois Supreme Court agreed. It adopted the rule announced by the Minnesota Supreme Court in *Lambertson v. Cincinnati Corp.* (1977), 312 Minn. 114, 257 N.W.2d 679, that the amount of an employer's contribution is limited by its workers' compensation liability. It cited the reasoning in *Lambertson* that the central concept behind workers' compensation is that the employee and employer receive benefits of a guaranteed, fixed schedule, no-fault recovery system which constitutes the exclusive liability of the employer to his employee. *Kotecki*, 146 Ill. 2d at 162-63, 585 N.E.2d at 1026.

The *Kotecki* court concluded the Minnesota rule represented the most equitable balance between the competing interests of the employer under the Act (limiting employer liability) and the third-party tortfeasor under the Contribution Act, which requires contribution from tortfeasors (including employers) in proportion to their relative fault. *Kotecki*, 146 Ill. 2d at 165, 585 N.E.2d at 1027-28.

Bash & Schrock contends *Kotecki*, and not the cases relied on by Janis, controls the outcome of this case. Shoemaker and Goldfarb concede *Kotecki* limits an employer's liability when the Act is involved; however, they contend if Janis' cause of action is distinct from the injury for which she received benefits from the Act, its contribution claim against Bash & Schrock should not be limited by the *Kotecki*

ruling, but rather should be based on Bash & Schrock's *pro rata* liability.

Janis contends *Kotecki* is distinguishable because there, the employee was not deceased and he was the party seeking additional compensation. In contrast, she seeks compensation under the Work Act on *her own* behalf. She relies primarily on *Gramse* (100 Ill. App. 3d 100, 426 N.E.2d 614), *Liberty Mutual* (191 Ill. App. 3d 578, 547 N.E.2d 1272), and *DiVarco* (199 Ill. App. 3d 808, 557 N.E.2d 577) in arguing the contention she could receive double recovery is unfounded.

In *Gramse* (100 Ill. App. 3d at 101-03, 426 N.E.2d at 615-16), plaintiff filed an action under the Work Act as mother and next friend of her three minor children. Her husband's workers' compensation carrier had previously begun paying benefits to plaintiff, the decedent's spouse, and to decedent's children. The carrier tried to assert a lien on the settlement proceeds of the suit filed under the Work Act. The Third District Appellate Court concluded the trial judge properly ruled the lien should not attach to the settlement proceeds.

The *Gramse* court noted section 5(b) of the Act explicitly limits an employer's lien to third-party actions brought by the employee or his personal representative. A lien cannot attach where the employee's widow individually seeks compensation. *Gramse*, 100 Ill. App. 3d at 102-03, 426 N.E.2d at 615-16.

The employer in *Gramse* also argued there was no distinction between the "widow" as plaintiff under the Work Act (Ill. Rev. Stat. 1991, ch. 48, par. 69 ("widow" currently referred to as "surviving spouse")) and the decedent's "personal representative" under the Act (Ill. Rev. Stat. 1991, ch. 48, par. 138.5(b)).

The court reasoned that monies paid by an employer's insurance carrier pursuant to the Act were to compensate the decedent for his lost wages and medical bills, whereas Work Act claims brought by a widow in her own right were claims asserted by the widow for compensation for her source of support. *Gramse*, 100 Ill. App. 3d at 104, 426 N.E.2d at 617.

Similarly, Janis has filed a claim against Shoemaker and Goldfarb, seeking compensation for loss of consortium. This claim is wholly unrelated to a claim brought by an employee or by the personal representative of an employee. In these instances, compensation would be sought for loss to the employee. In Janis' case, she seeks compensation for her individual loss.

Moreover, she does not seek compensation for loss of financial support; rather, the basis for her Work Act claim is loss of consor-

tium, which is not compensable under the Act. Under the Act, Janis' recovery is based on her deceased husband's earnings. The only additional recovery she would have received would have been $4,200 for burial expenses or certain medical expenses if the employer failed to provide her husband necessary first aid, medical, surgical, or hospital service. See Ill. Rev. Stat. 1991, ch. 48, pars. 138.7(a), (f).

*Liberty Mutual* also supports Janis' contention the trial judge properly concluded no lien, offset, or credit could attach to her potential recovery under her claim for loss of consortium filed pursuant to the Work Act. In *Liberty Mutual* (191 Ill. App. 3d at 579, 547 N.E.2d at 1273), the workers' compensation carrier sought a declaratory judgment that it was entitled to a lien on settlement proceeds to the extent of workers' compensation benefits paid.

The Fifth District Appellate Court concluded no lien could attach because the substance of the complaint was a Work Act claim although the claim was brought by the personal representative as administrator of the decedent's estate pursuant to section 2 of the Wrongful Death Act (Ill. Rev. Stat. 1981, ch. 70, par. 2). No workers' compensation lien could accrue because the cause of action was filed for the benefit of decedent's widow and next of kin and not on behalf of the decedent. *Liberty Mutual*, 191 Ill. App. 3d at 582, 547 N.E.2d at 1274-75.

The First District Appellate Court has also ruled an employer could not attach a workers' compensation lien upon a settlement of a Work Act suit brought by the widow of a deceased employee. The *DiVarco* court also looked to section 5(b) of the Act and concluded it explicitly entitled an employer to impress a lien on actions brought by the injured employee or by her personal representative. *DiVarco*, 199 Ill. App. 3d at 811, 557 N.E.2d at 580.

The employer argued denying a lien would frustrate the policy reasons behind section 5(b) of the Act by providing a double recovery. However, the court concluded the widow's cause of action under the Act was a derivative claim, based on the rights of the employee to be compensated by his employer, whereas her claim under the Work Act was an independent cause of action and was personal to her. *DiVarco*, 199 Ill. App. 3d at 811, 557 N.E.2d at 579.

Bash & Schrock argues these cases suffer from strained logic. It also contends these cases should not be followed because they (1) were decided before *Kotecki*, (2) did not involve a contribution claim, and (3) did not consider sections 5(a) or 11 of the Act. However, these cases address when a section 5(b) lien (Ill. Rev. Stat. 1991, ch. 48, par. 138.5(b)) can be placed on a plaintiff's claim.

Moreover, section 5(a) addresses when a plaintiff can bring a direct cause of action against an *employer* that provides workers' compensation benefits. Janis' action is being brought against Shoemaker and Goldfarb, who are in turn seeking contribution from Bash & Schrock. Section 11 of the Act states the provisions under the Act are the total measure of an employer's liability for damages sustained by *an injured employee*. Neither clearly indicates these limitations apply to a dependent of a deceased employee who brings an action on his or her own behalf.

An additional Illinois Supreme Court case supports Janis' arguments and reliance on the above cases. In *Page v. Hibbard* (1987), 119 Ill. 2d 41, 518 N.E.2d 69, the Illinois Supreme Court concluded the wife of an injured employee who brings suit for loss of consortium is not subject to a workers' compensation lien under section 5(b) of the Act although she brought her claim in conjunction with a claim raised by her husband, the injured employee, and filed suit against a third party for negligence. The court stated:

> "[A]n action for loss of consortium is not a derivative claim brought by the spouse as the personal representative of the employee, but is an independent action to recover for injuries the spouse has suffered, such as loss of support and loss of society. [Citations.] The Department's lien under section 5(b) of the Workers' Compensation Act did not attach to that portion of the settlement proceeds designated as a settlement of Mrs. Page's claim for loss of consortium." *Page*, 119 Ill. 2d at 48, 518 N.E.2d at 72.

Bash & Schrock contends *Page* is unlike this case because (1) the spouse in *Page* received no workers' compensation benefits, so it follows that a lien could not attach to her settlement; (2) the wife's claim for loss of consortium in *Page* was different because the wife had not been a party to the civil suit filed by her husband; (3) although she had received consideration in the settlement of her husband's claim, *she* had not asserted a cause of action; and (4) *Page* did not involve the competing interests between the Contribution Act and the Act.

Although the Contribution Act was not evaluated, the court considered the lien provision of the Act when a settlement had been reached between plaintiff and defendant, and plaintiff's employer intervened seeking a lien against an amount of the settlement. (*Page*, 119 Ill. 2d at 45, 518 N.E.2d at 70.) The distinctions relied on by Bash & Schrock do not defeat the view that Janis' cause of action filed under the Work Act is an independent claim for which she was not com-

pensated, and will not be compensated through the benefits received from workers' compensation.

Nor does *Page* support Bash & Schrock's contention it has a right to reimbursement. Although, as noted by Bash & Schrock in its reply brief, *Page* recognized an employer's right to reimbursement, the reimbursement was being received from the *employee's* total settlement (*Page*, 119 Ill. 2d at 47, 518 N.E.2d at 71) and not from someone bringing an independent cause of action such as Janis.

Bash & Schrock also directs us to section 5(a) of the Act, which states, in pertinent part: "No common law or statutory right to recover damages *from the employer*, *** other than the compensation herein provided, is available to any employee *** to any one wholly or partially dependent upon [the employee]." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 48, par. 138.5(a).

Janis has filed a Work Act claim against the property owners, Shoemaker and Goldfarb, not against the employer, Bash & Schrock. Similarly, the case cited by Bash & Schrock as support for consideration of section 5(a) of the Act does not control under these circumstances. Contrary to the facts in this case, in *Duley v. Caterpillar Tractor Co.* (1969), 44 Ill. 2d 15, 16-17, 253 N.E.2d 373, 373-74, the plaintiff sought compensation from the employer in addition to that provided under the Act. However, section 5(a) of the Act, as discussed below, provides evidence Shoemaker and Goldfarb cannot seek contribution beyond Bash & Schrock's workers' compensation liability.

Moreover, the other cases relied on by Bash & Schrock do not involve a surviving spouse seeking additional compensation. In *Hall v. Archer-Daniels-Midland Co.* (1988), 122 Ill. 2d 448, 450-57, 524 N.E.2d 586, 587-90, the plaintiff was an injured employee and the issue was whether the settling tortfeasor had to extinguish the employer's workers' compensation liability before bringing a contribution action against employer.

In *Blagg v. F.W.D. Truck & Equipment Co.* (1991), 143 Ill. 2d 188, 199-201, 572 N.E.2d 920, 926-927, the issue addressed by the Illinois Supreme Court was whether the wife's award for loss of consortium resulting from her husband's work-related injuries should be reduced by the degree of comparative fault of her husband. Moreover, although the court concluded the loss of consortium claim was derivative, this conclusion was based on the relative fault of the injured employee for the injuries incurred. Although comparative fault has not been raised in the present case, it does not involve fault attributed to the plaintiff or to her deceased husband; rather, liability would be attributed only to Bash & Schrock or Shoemaker and Goldfarb.

■ Janis' cause of action under section 9 of the Work Act is brought, not as Bash & Schrock's employee or as decedent's personal representative, but for herself individually for loss of consortium she incurred because of decedent's death. Section 5(b) of the Act, which entitles an employer to a lien based on payment made, does not control in this case. Janis did not file suit as the personal representative of decedent's estate. Ill. Rev. Stat. 1991, ch. 48, par. 138.5(b).

## C. *Double Recovery?*

Both Bash & Schrock and Shoemaker and Goldfarb contend Janis could potentially receive double recovery if the lien, setoff, or credits are not permitted. The cases relied on by these parties are distinguishable.

In *Wilson v. Hoffman Group, Inc.* (1989), 131 Ill. 2d 308, 311, 546 N.E.2d 524, 525, the employee plaintiff entered a settlement agreement with his employer after being injured at work. Plaintiff had also brought an action against the general contractor based on negligence. The court concluded the agreed-upon amount paid to the employee by his employer should be set off against any additional recovery the employee could be awarded from the general contractor. *Wilson*, 131 Ill. 2d at 324, 546 N.E.2d at 532.

Similarly in *Dial v. City of O'Fallon* (1980), 81 Ill. 2d 548, 558, 411 N.E.2d 217, 222, relied on by Shoemaker and Goldfarb, plaintiff's settlement with the city's insurance carrier, in exchange for a covenant not to sue on a negligence count, was set off against damages awarded on the trespass count filed against the city. Plaintiff sought compensation for damages sustained to her property because of sewage back up.

■ In the present case, based on the language of the complaint, Janis seeks compensation for an injury for which she has not been compensated. Her compensation under the Act was based on the deceased's earnings. She now seeks compensation for her emotional injuries sustained because of her husband's loss. See *McFadden v. St. Paul Coal Co.* (1914), 263 Ill. 441, 443, 105 N.E. 314, 314 (damages sought in second suit were the same, contrary to distinct damages sought in the present case).

*Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 3, 269 N.E.2d 295, 296, also does not control here because it did not involve liability between two tortfeasors; rather, the case evaluated the interplay between the Act and payments made under the decedent's uninsured motorist insurance policy.

Contrary to Shoemaker and Goldfarb's claim, *J.L. Simmons Co. ex rel. Hartford Insurance Group v. Firestone Tire & Rubber Co.* (1985), 108 Ill. 2d 106, 483 N.E.2d 273, does not support a conclusion Janis would receive double recovery. *J.L. Simmons* (108 Ill. 2d at 112, 483 N.E.2d at 276), as it might relate to this case, involved how the plaintiff employee's negligence should affect the defendant's liability.

Janis' claim under the Work Act is unlike the actions relied on by Bash & Schrock and Shoemaker and Goldfarb because she seeks compensation for injuries not yet compensated. Moreover, she received workers' compensation benefits based on her deceased husband's earnings based on lost wages. She now seeks compensation from Shoemaker and Goldfarb under a different statutory provision for her individual injuries sustained because of her husband's death.

## D. *Extent of Statutory Right to Contribution*

Shoemaker and Goldfarb concede that pursuant to *Kotecki*, Bash & Schrock's amount of contribution would be limited to the amount of workers' compensation to which Janis is entitled. They contend, however, they are entitled to this amount of contribution irrespective of whether a lien or setoff is approved.

If this court concludes a lien, setoff, or credit is not permitted, Shoemaker and Goldfarb contend their contribution claim based on the parties' share of liability should be permitted to stand. They conclude such by arguing because the Act is not involved in Janis' action against it, the Contribution Act controls.

Janis seems to argue Bash & Schrock's contribution should be limited only by its *pro rata* share of liability. She contends, because of the distinguishable circumstances under which *Kotecki* was decided, *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382, controls this issue. In *Doyle*, the Illinois Supreme Court concluded an employer is liable for contribution to a third party regardless of the Act. However, it also noted that "some accommodation" between the Contribution Act and the Act would be necessary in the future. *Doyle*, 101 Ill. 2d at 14-15, 461 N.E.2d at 388-89.

Shoemaker and Goldfarb's argument the Act is not involved is not persuasive. Section 11 of the Act states "[t]he compensation herein provided *** shall be the measure of the responsibility of any employer." (Ill. Rev. Stat. 1991, ch. 48, par. 138.11.) This provision was also important to the *Kotecki* ruling. *Kotecki*, 146 Ill. 2d at 165, 585 N.E.2d at 1027.

*Kotecki* controls a contribution claim as between a third-party plaintiff owner of property on which employee's fatal injury occurred

and a third-party defendant employer of the injured employee, just as it would where a manufacturer of the product which injured plaintiff sought contribution from the plaintiff's employer.

Janis' action arises from the death of her husband while performing an employment-related task. The Act limits a third party's contribution to the amount of workers' compensation liability. *Kotecki* did not limit its ruling to a particular form of action. Although the action was based on products liability, this point seemed irrelevant to the court's ruling.

■ Shoemaker and Goldfarb can seek contribution from Bash & Schrock, but only to the extent of its liability under the Act. In addition, section 5(a) of the Act provides support for this limitation because that provision states "[n]o common law or statutory right to recover damages from the employer *** other than the compensation" provided within the Act is available, whether the employee or "any one otherwise entitled to recover damages" for the injury. (Ill. Rev. Stat. 1991, ch. 48, par. 138.5(a).) Shoemaker and Goldfarb are, indirectly, recovering from Bash & Schrock by seeking contribution from it.

## IV. CONCLUSION

Plaintiff's potential award under her claim brought under the Work Act is not subject to a lien, credit, or setoff. Shoemaker and Goldfarb can seek contribution from Bash & Schrock, but their claim is limited to Bash & Schrock's total liability under the Act. If Bash & Schrock continues payments to plaintiff, and reaches their maximum liability through these payments, Shoemaker and Goldfarb will collect nothing in their contribution claim.

Accordingly, we answer the first question certified in the negative, and the second in the affirmative but the employer's liability is limited to its liability under the Act.

Affirmed.

GREEN, J., concurs.

JUSTICE LUND, specially concurring:

Justice Knecht's opinion is based upon the assumption that loss of consortium is not included in benefits received by Janis Schrock under the workers' compensation monthly payment. Black's Law Dictionary defines consortium as follows:

"Conjugal fellowship of husband and wife, and the right of each to the company, co-operation [*sic*], affection, and aid of the other in every conjugal relation. [Citations.]

The term includes the exclusive right to the services of the spouse, and to his or her society, companionship, and conjugal affection." Black's Law Dictionary 382 (4th ed. 1968).

In *Tjaden v. Moses* (1968), 94 Ill. App. 2d 361, 365, 237 N.E.2d 562, 565, the court declared a wife's right of action for loss of consortium "a separate and distinct action although dependent upon the liability *** for the injuries to the husband." However, the majority opinion in *Dini v. Naiditch* (1960), 20 Ill. 2d 406, 170 N.E.2d 881, which recognized a woman's right to a cause of action for loss of consortium, contained the following statement:

"This argument emphasizes only one element of consortium—the loss of support. Consortium, however, includes, in addition to material services, elements of companionship, felicity and sexual intercourse, all welded into a conceptualistic unity. (*Montgomery v. Stephan* [(1960), 359 Mich. 33, 101 N.W.2d 227]; *Hitaffer v. Argonne Co.* [(1950), 183 F.2d 811,] 814.) Consequently, in this action the wife is not suing for merely loss of support, but for other elements as well." (*Dini*, 20 Ill. 2d at 427, 170 N.E.2d at 891.)

While this statement appears to include loss of income in the term "loss of consortium," I conclude that such an interpretation is erroneous. The *Dini* opinion indicated that historically the right to loss of consortium was reserved to the husband, and this was at a time when the women were more likely to be homemakers not employed outside the home.

In determining that "loss of consortium" does not include loss of income, I conclude, as did Justice Knecht, that loss of consortium is not a part of workers' compensation payments. As compensation for loss of consortium is not included in workers' compensation payments to Janis, I conclude that it escapes logic to hold the employer can obtain a lien against a possible recovery for loss of consortium by using the authority under section 5(b) of the Act. How can an employer recover benefits the employer does not pay?

It would seem that since the loss of consortium is not included in workers' compensation, an award for loss would not result in double recovery if the employer is deprived of the right of a lien against any judgment Janis might obtain. This does not answer the question of whether defendants Shoemaker and Goldfarb can obtain contribution from the employer.

Shoemaker and Goldfarb are seeking contribution for an alleged loss which is not being paid by workers' compensation benefits. Why should the employer not be subject to the unlimited right of contribution as set forth in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437, and *Doyle*? The answer is that unlimited contribution should not be allowed because the employer may be forced to pay too much, thereby losing protection supposedly provided under the Act. (See *Kotecki*, 146 Ill. 2d at 163-65, 585 N.E.2d at 1027.) I recognize *Kotecki* was not concerned with an element of damage not included in the compensation award.

Under section 5(a) of the Act, the limitation of actions against the employer for "common law or statutory right to recover damages from the employer" extends to "any one wholly or partially dependent upon" the employee. (Ill. Rev. Stat. 1991, ch. 48, par. 138.5(a).) This limitation is broad and I conclude that it does include the common-law right to recovery for loss of consortium, even though the loss of consortium is not a part of workers' compensation payments. The insuring aspect of the Act is a valuable social benefit and the benefit adequately compensates for limitations placed upon contribution from the employers. I conclude here, even though any judgment against defendants will be for loss of consortium, the employer's liability for contribution is limited to the employee's compensation liability. A decision to the contrary would depreciate the benefit employers receive in exchange for absolute liability for injuries during employment.