488

JANET GAVRICK, Special Adm'r of the Estate of Scott Gavrick, Deceased, *et al.*, Plaintiffs, v. CREATIVE CONSTRUCTION, LTD., *et al.*, Defendants (James McHugh Construction Company, Inc., Third-Party Plaintiff-Appellee; Nadolna Brothers Company, Third-Party Defendant-Appellant).

First District (3rd Division)   No. 1—92—4302

Opinion filed March 30, 1994.

Wiedner & McAuliffe, Ltd., of Chicago (Richard J. Leamy, Jr., and Thomas W. Weber, of counsel), for appellant.

Sweeney & Riman, Ltd., of Chicago (Georgene M. Wilson, of counsel), for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

This is an interlocutory appeal pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308) where we are called upon to consider the following question certified by the circuit court:

"Does the holding in *Kotecki v. Cyclops Welding Corp.* [(1991)], 146 Ill. 2d 155, 585 N.E.2d 1023 which limits an employer's contribution liability to the amount the employer would be obligated to pay under the worker's compensation system, apply to an action brought by the employee's widow seeking damages under the Structural Work Act, including damages for loss of society?"

We answer in the affirmative.

The underlying case arises from a construction accident on July 23, 1990, where Scott Gavrick sustained fatal injuries in a fall from the third floor of a building. At the time of the accident, Scott Gavrick was employed by third-party defendant Nadolna Brothers Company (Nadolna).

Plaintiff Janet Gavrick, as special administrator of the estate of her deceased husband Scott Gavrick and as the surviving widow, filed a multicount complaint against defendants Creative Construction,

Ltd., and James McHugh Construction Company, Inc. (McHugh). Defendant Creative Construction, the alleged general contractor of the construction project, is not a party to this appeal.

McHugh filed a third-party complaint seeking contribution from the employer, Nadolna. Nadolna moved to strike the *ad damnum* clauses to the extent contribution was sought in excess of Nadolna's worker's compensation liability. Nadolna based its motion to strike on the *Kotecki* decision.

The circuit court denied Nadolna's motion to strike and certified the question now presented to this court.

Nadolna argues that the issue presented in the certified question was resolved by the fourth district's decision in *Schrock v. Shoemaker* (1993), 246 Ill. App. 3d 372, 615 N.E.2d 1298, *appeal allowed* (1993), 152 Ill. 2d 580, 622 N.E.2d 1227. In response, McHugh advanced various reasons in its brief to dispute the applicability of the *Schrock* decision to the present case. At oral argument, however, McHugh agreed that the outcome of the *Shrock* case in the Illinois Supreme Court would be dispositive of the case at bar.

We agree that the supreme court's ruling in the *Schrock* case necessarily decides the present case. The *Kotecki* case involved a products liability action. The plaintiff injured his hand in the motor of an agitator while at work. The injured employee sued the manufacturer of the agitator and, thereafter, the defendant manufacturer filed a third-party contribution complaint against the plaintiff's employer. *Kotecki* held that an employer's liability in contribution cannot exceed the amount of the employer's liability under the Workers' Compensation Act (Ill. Rev. Stat. 1991, ch. 48, par. 138.1 *et seq.*).

Subsequently, the *Schrock* case addressed a Structural Work Act claim and applied the *Kotecki* holding to a cause of action based on the Structural Work Act. In *Schrock*, the plaintiff's husband died in a construction accident. The plaintiff, on behalf of herself as the surviving spouse, filed an action under the Structural Work Act (Ill. Rev. Stat. 1991, ch. 48, par. 60 *et seq.*) for the loss of consortium against the owners of the property where the accident occurred. In turn, the defendant property owners filed a third-party complaint against the deceased's employer in contribution.

The fourth district held that "[a]lthough the third-party plaintiffs can file a contribution claim against the deceased's employer, the employer's liability is limited to its liability under the [Workers' Compensation] Act." (*Schrock*, 246 Ill. App. 3d at 374.) The *Schrock* court found that "*Kotecki* did not limit its ruling to a particular form of action. Although the action was based on products liability, this

point seemed irrelevant to the court's ruling." *Schrock*, 246 Ill. App. 3d at 385.

We agree with the reasoning of the fourth district and thus also find that the *Kotecki* cap applies where the underlying action, whether on behalf of the employee or an independent action of the surviving spouse, is based on the Structural Work Act. Thus, we reverse the circuit court's order denying Nadolna's motion to strike the *ad damnum* clause of McHugh's third-party complaint.

Reversed and remanded.

TULLY, P.J., and RIZZI, J., concur.